EASTERN DIST.
*March,* 1839.

THOMPSON
*vs.*
WILSON'S EX'R.

---

### THOMPSON *vs.* WILSON'S EXECUTOR.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF IBERVILLE.

Parole evidence will be admitted to prove the hand writing of a subscribing
witness to a written instrument, after every diligence has been used in
vain to find him out, even without showing that he is dead or resides out
of the state.

A surety has the right to claim an indemnification, by instituting suit
against his principal, even before making any payment; *a fortiori* when
a judgment has been obtained against him, he may demand indemnifica-
tion without payment.

When the surety has paid *upon, or after being* sued, even without informing
his principal debtor, he has his recourse although the debtor was in pos-
session of the means of having the debt declared extinct.

When circumstances existed at the creation of the debt, which enabled the debtor to resist payment, still if he suffers his surety to remain ignorant of them, and the latter pays, he will be bound to indemnify him.

The absence of, or insufficiency of consideration, may be opposed to the creditor, but not to the surety, who has paid or is liable to pay, especially when he is ignorant of such defence.

The plaintiff alleges, that Eliza Wilson, late of the parish of Iberville, being indebted to one John McDonough in the sum of twelve thousand and seventy-five dollars and thirty-four cents, did by her attorney in fact, D. D. Chesnut, on the 18th day of May, 1833, make and execute her promissory note, in which she promised to pay to the order of this petitioner, on the 4th May, 1834, at the Bank of Louisiana, in New-Orleans, the said sum of money, which note he endorsed as surety, together with Lavinia Erwin, and it was delivered to the said McDonough for the debt aforesaid. That at maturity it was protested for non-payment, and Eliza Wilson, the maker, having failed to pay it, suit was instituted, and judgment for the amount thereof obtained against this petitioner, after every legal defence was made, and for which he is liable and bound to pay as endorser or security, together with interest and costs.

The plaintiff further shows, that Eliza Wilson died during the pending of these proceedings, in the parish of Iberville, leaving a large estate, and where her succession is opened, and that Wm. E. Edwards, Esq., has been appointed dative testamentary executor, and is now the representative of said succession. He further states that he frequently demanded of Mrs. Wilson in her life time, and of the executor since, to discharge said note or obligation and to relieve him from his suretyship, which they have neglected and refused to do. He therefore prays that the executor be condemned to pay and discharge said note to the said John McDonough or to him, for the use of the latter, and that the property of said succession be seized and sold to satisfy and discharge the same.

The defendant after pleading an exception to the jurisdic-

tion of the Probate Court, and having craved *oyer* of the instrument of writing sued on, pleaded the general issue, and averred that the husband of Mrs. Wilson, in 1819, gave his note to one Thomas Durnford for a small loan of four thousand eight hundred dollars, which was subsequently assigned to John McDonough, and formed the only basis of the present debt, alleged to be due in the form stated. He admits that D. D. Chesnut made the note now in suit, but without the authority or knowledge of Mrs. Eliza Wilson, and specially denies that he had any power of attorney to execute said note as her attorney in fact; that said note never had any other consideration than the loan of money as above set forth, made by Durnford to N. Wilson, which was long since and before the giving of the note sued on, extinguished by prescription; that no consideration existed for said note, or if it did, it was only for the amount of four thousand eight hundred dollars, which was prescribed, and upon which amount usurious and compound interest was charged, until it swelled to the enormous sum of twelve thousand and seventy-five dollars and thirty-four cents.

The defendant further avers that D. D. Chesnut had no authority to execute said note, that Thompson when sued by McDonough, suffered himself to be condemned without informing Eliza Wilson or her representatives, who would have furnished the means of defence to defeat the action; that they were never notified of the suit, and that he as executor is not liable to indemnify Thompson. He prays that the plaintiff's demand be rejected with costs.

Upon these pleadings and issues, the parties went to trial.

The record and judgment of the suit of McDonough against Thompson, as surety or endorser of the note now in suit, was offered in evidence. A bill of exception was taken to the admission of parole evidence to prove the hand writing of Jesse Munson, a subscribing witness to the power of attorney executed by Mrs. Eliza Wilson to D. D. Chesnut, and under which he acted in signing the note sued on.

After hearing all the evidence and the arguments of counsel, the judge of probates gave judgment for the plaintiff, and the defendant appealed.

*Labauve* and *Edwards*, the latter in *propriâ personâ*, for the appellant.

*Winchester, contra.*

*Martin, J.*, delivered the opinion of the court.

The plaintiff, endorser of a note of the defendant's testatrix, on which judgment was obtained against him, and affirmed in this court, in the case of *M'Donough* vs. *Thompson et al.*, 11 *Louisiana Reports*, 66, prays to be relieved as her surety, and that the defendant may be decreed to pay the amount of said note to the holder, or to himself.

After the general issue, the answer avers, that the plaintiff endorsed the note stated in the petition, drawn by Chesnut, in his capacity of attorney of the testatrix, as her surety ; but that the said Chesnut was without authority to subscribe the said note, as the attorney of the testatrix ; that there was no consideration for which the said note was given, except a sum of four thousand eight hundred dollars, which her husband had borrowed from the payee, and that the plaintiff suffered himself to be sued, and judgment to be obtained and affirmed, without giving any notice to his principal, who might have furnished him with evidence to establish the illegality of the consideration, the sum being partly made up of compound and usurious interest, etc.

The Court of Probates gave judgment in favor of plaintiff, for the amount of the judgment obtained against him, but ordered that the money thus made be brought into court, there to remain, for the indemnification of the plaintiff, etc.

Our attention is drawn to a bill of exceptions to the admission of parole proof of the signature of the testatrix, to a paper purporting to be her power of attorney to Chesnut, mentioned in the petition, by two persons well acquainted with her hand writing, on the ground that there was a subscribing witness to the power, by whom alone the signature could be proved, unless his death, or residence out of the state, was first proven. The Court of Probates was of opinion, that his absence was fully established. The record shows, that a subpœna was taken out for the subscribing witness, on

EASTERN DIST. which the sheriff returned that he was not to be found in the
*March*, 1839.  parish.   Taylor deposed, that the subscribing witness is not
an inhabitant of the parish, within his knowledge ; that he

THOMPSON
*vs.*
WILSON'S EX'R.

has made search for him without success ; has written to the
parishes of St. Mary and St. Martin, to obtain information
relating to him, but has received no answer ; that he under-
stood he was living with a Mr. Rogers, near Pattersonville,
in Attakapas ; wrote to him, but received no answer ; he has
seen a neighbor of Mr. Rogers, who knew no such person as
the subscribing witness at Mr. Rogers's.   He has made fre-

Parole evi-
dence will be
admitted  to
prove the hand-
writing of a sub-
scribing witness
to a written in-
strument, after
every diligence
has been used
in vain to find
him out, even
without showing
that he is dead,
or resides out of
the state.

quent inquiry, to discover the residence of the subscribing
witness, without being able to do so.

On these facts, we think the court did not err, in concluding
that the absence of the subscribing witness was sufficiently
accounted for, and correctly admitted proof of his hand-
writing, and that of his principal.   *Louisiana Code, article*
2241 ; *Code of Practice, article* 325.

On the merits, it appearing that the plaintiff, as a surety
for the testatrix, endorsed a note of hers, duly executed by
her attorney in fact, that the note having been protested, and

A surety has
the right to
claim an indem-
nification by in-
stituting suit
against his prin-
cipal, even be-
fore making any
payment ; *a for-
tiori* when a
judgment has
been obtained
against him, he
may demand in-
demnification
without pay-
ment.

suit brought for its amount, and judgment obtained therefor
against the plaintiff, he has a right to demand an indemnifi-
cation, although he has not made any payment.   The
Louisiana Code, article 3026, provides that a surety may,
even before making any payment, bring a suit against the
debtor, to be indemnified by him, when there exists a law-
suit against him for payment—*a fortiori* when judgment has
been obtained.

When the sure-
ty has paid *upon*
*or after* being
sued, even with-
out informing
his principal
debtor, he has
his recourse, al-
though the debt-
or was in posses-
sion of the
means of having
the debt declar-
ed extinct.

The same code, article 3025, provides, that when the
surety has paid without being sued, and without informing
the principal debtor, he shall have no recourse against the
latter, provided, that at the time of *payment* the debtor was
in possession of such means as would have enabled him to
have the debt declared extinct.   This is a negative, pregnant
with the affirmative, that when the surety has paid, upon or
after being sued, even without informing the principal debtor,
he shall have his recourse against the latter, although the
debtor was in possession of such means as would have ena-
bled him to have the debt declared extinct.

The code in this article speaks of a debt which has been extinguished, and, perhaps, is not to be extended to a debt from which the principal could have been relieved ; as that for which judgment has been obtained against the present plaintiff. When a debt has become payable, the principal has some ground to expect that the surety before he pays it, will inquire whether it has not been paid by the former ; it is otherwise when the creation of the debt was attended with circumstances which enabled the debtor to resist payment. In the latter case, the principal who suffers his surety to remain ignorant of these circumstances, is without excuse.

The absence or insufficiency of the consideration may be opposed to the creditor, but not to the surety, especially when he is ignorant that relief may be had on that ground.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

EASTERN DIST.
*March*, 1839.

BISSELL ET UX.
*vs.*
ERWIN'S HEIRS.
When circumstances existed at the creation of the debt which enabled the debtor to resist payment, still if he suffers his surety to remain ignorant of them, and the latter pays, he will be bound to indemnify him.
The absence of, or insufficiency of consideration may be opposed to the creditor, but not to the surety, who has paid or is liable to pay, especially when he is ignorant of such defence.