Mophy, J.
This suit is brought on a protested bill of exchange for $4000. drawn by the defendant at Port Gibson, on Bogart & Hoops of New Orleans, and accepted by them in favor of Jessie Harper, and endorsed by the payee, and Hoops & Bogart, to the petitioners, before maturity.
The defence set up is : First, that the notary who protested the bill in 'New Orleans, failed to send a direct notice to the defendant ; that he used no diligence to ascertain his residence, which was then in the parish of Concordia, and did not comply with the statute of 1827, by directing the notice to the place where the bill was dated, to wit, at Port Gibson. Secondly, that the notice given was bad and insufficient, having been sent to the defendant at New Carthage, when there was a post office near to his residence at Millihen’s Bend.
I. It appears from the record, that the bill sued on was protested at New Orleans for want of payment, on the 3d of February, 1836, and that the same day the notary enclosed notices to the endorsers and drawer in the one which he made out for the plaintiffs, the last endorsers, and put in the post office at New Orleans, directed to them at Grand Gulf, Mississippi; that these notices were received by the cashier, J. Callender, at Grand Gulf, Mississippi, on the 11th of the same month, and that on that day, the notice for the defendant was sealed and directed to him at New Carthage, Louisiana, and placed in the post office at that place, in time to go by the next mail. This constitutes a good and legal notice. The holder of a bill is not bound to send a notice to all the parties on it. If he does, such notice will enure to the benefit of any endorser who shall pay-the bill in an action *129 against previous endorsers, or the drawer ; but he need give notice only to his immediate endorser, the latter to the next, and so on to the drawer. When this course is pursued, one day is allowed to each party to notify his immediate endorser, or the drawer. The rale is the same when a note or bill is sent by the holder to his agent for collection ; if the latter gives timely notice of its dishonor to his principal, he does all that he can be required to do, and a notice from the principal, seasonably sent, will be sufficient to charge any prior party; even the knowledge of the agent of the endorser’s place of residence, does not make it necessary for him to send notice directly to the endorser. Bailey on Bills, ed. of 1836, 266 and 267. 16 La. 568. 18 La. 579.
The statute of 1827 provides for the case where the holder, or the notary who acts for him, cannot, after due diligence, ascertain the residence of a particular party sought to be charged; it authorizes the notice to be directed to the place where the bill is dated. B. & C.’s Dig. 43.
II. The evidence shows, that there are two post offices at some distance from the defendant’s residence: one situated at New Carthage, in the parish of Concordia, at about twenty miles, and the other at Milliken’s Bend, in the parish of Carroll, at about ten miles. It is shown by the defendant, that in 1833 he received some letters and papers through the latter post office, and frequently, at that time, suffered those addressed to him at New Carthage to go to the general post office; but several witnesses have testified that, at the time of the protest in 1836, he was in the habit of receiving his letters and papers through the office at New Carthage. One of them says, that he corresponded with defendant at the time of the protest, and up to 1837; that he addressed his letters to him at New Carthage, and received answers to them from that place; he thinks, that it was the defendant himself who directed him so to address his letters. If the defendant continued to get his letters, in 1836, at Milliken’s Bend, as he has shown that he did three years before, he could easily have proved it. His failure to do so, impresses us with the belief that he had ceased to get them there, and has since received them at the New Carthage office, the only one in his parish, and at which place it is shown that he often had business to attend to. The *130 notice, then, having been sent to the defendant at the post office where he usually got his letters and papers, at the time of the protest, and which was situated in his parish, was, in our opinion, sufficient. Bank of Louisiana v. Watson, 13 La. 38. Nott’s Executor v. Beard, 16 La. 310. Mainor v. Spurlock et al. 9 Robinson, 161.
A bill of exceptions was taken on the trial to the admission in evidence of a power of attorney under which J. H. Moore endorsed the bill for Hoops & Bogart, on the ground that the subscribing witnesses to said instrument were not examined. The death of one of these witnesses being proved, and the residence of the other being shown to be out of the State, or unknown, the Judge properly admitted the paper on proof being made of the signatures of the grantors. 4 La. 119. 13 La. 142. 3 Rob. 206. There are in the record several other bills of exceptions which, in our opinion, do not deserve to be noticed.
Judgment affirmed.