## McCAUSLAND *v.* LYONS et al.

| 4 | 273 |
|---|---|
| 44 | 524 |
| 4 | 273 |
| 49 | 937 |
| 4 | 273 |
| 50 | 1281 |
| 4 | 273 |
| 118 | 227 |

One, not a party to a promissory note, who puts his name on the back, will be bound as a surety.

Where two persons, not parties to a promissory note, write their names on its back, being bound as sureties, judgment will be rendered against them, *in solido*, for the whole debt. The obligation of each surety is to pay the whole debt; but this obligation is subject to the right to claim a division. Until this right is exercised, the obligation is *in solido*. C. C. 3018, 3019.

The exception of division by a surety is a peremptory one, which must be pleaded specially.

APPEAL from the District Court of West Feliciana, *Boyle*, J. *Paterson*, for the appellant. No counsel appeared for the defendants. The judgment of the court (*King*, J. absent,) was pronounced by

SLIDELL, J. *Lyons* and *Smith* are sued upon a note of the following tenor:

"On the 1st of April, 1843, we or either of us promise to pay to *Robert McCausland*, or order, the sum of two thousand and two hundred dollars, payable and negotiable at the Louisiana State Bank, at St. Francisville, bearing ten per cent per annum from maturity, until paid, it being for value received, this 1st day of April, 1842.                                          P. B. McKELVEY."

On the back of this note are the signatures of the defendants, "*H. A. Lyons* and *Ira Smith*."

The petitioner, who is the payee of this note, alleges that *Lyons* and *Smith* signed before the delivery of the note to him, and thus incurred the liability of sureties *in solido*. *Lyons* and *Smith* answered, admitting their signatures only, and pleading the general issue. The court below gave judgment in favor of the plaintiff against the defendants each for his virile share, and from this judgment the plaintiff has appealed, and asks that the judgment be amended so as to condemn the defendants *in solido*.

Our first enquiry is under what class of contracts does the obligation contracted by *Smith* and *Lyons* fall. This is answered by several decisions of our predecessors and of this court, which must be considered as settling the point in this State. By this irregular endorsement *Lyons* and *Smith* bound themselves as sureties. See *Smith* v. *Gorton*, 10 La. 376, *Laurence* v. *Oakey*, 14 La. 389. *McGuire* v. *Bosworth*, 1 An. 248.

Such being the character of the contract, our next enquiry is, are these sureties liable each for the whole debt, or is the liability merely joint. By article 2088 of our Civil Code (which is taken literally from article 1202 of the Napoleon Code,) it is declared that "an obligation *in solido* is not presumed; it must be expressly stipulated. The rule ceases to prevail only in cases where an obligation *in solido* takes place by virtue of some provision of law"—"ou la solidarité a lieu de plein droit, en vertu d'une disposition de la loi." It is therefore necessary to consider the nature of the contract of suretyship, for the purpose of determining whether it falls within the exception contemplated by the article.

The rule of the roman law was that, if several persons become sureties for one and the same thing, every one of them is answerable for the whole. *Si*

McCAUSLAND
*v.*
LYONS.

*plures sint fidejussores, quotquot erunt numero singuli in solidum tenentur.* The benefit of division was not *ipso jure*, but might be demanded by a surety when his co-surety was solvent. *Inter fidejussores non ipso jure dividitur obligatio ·ex epistola Divi Hadriani ; et ideo si quis eorum ante exactam a se partem sine herede decesserit, vel ad inopiam pervenerit, pars ejus ad cæterorum onus respicit. Ut autem is, qui cum altero fidejussit, non solus conveniatur, sed dividatur actio inter eos, qui solvendo sunt; ante condemnationem ex ordine postulari solet.* See the text and notes of Domat, Surety, b. 3, tit. 4, s. 2.

The french Code followed the Institutes and the Code of Justinian, not however without previous opposition on the part of those jurisconsults who desired to extend the rule of article 1202 to the contract of suretiship, and require an express undertaking to impose a liability *in solido.* That Code was thus made to harmonize with the roman law on this subject, and the opinions of Vinnius and Danneau, which were adopted by Pothier. See the history of the law on this subject as given by Troplong, Cautionnement, § 281 *et seq.* Pothier, Obligation, § 416. The latter considers the principle of solidarity as inherent in and derivable from the nature of the contract. Il est de la nature du cautionnement de s'obliger à tout ce que doit le debiteur principal; et, par consequent chacum de ceux qui le cautionment est censé contracter cet engagement, a moins qui'l ne déclare expressément qu'il ne s'oblige que pour partie; c'est la raison qu'en rapporte Vinnius. He then alludes to the exception of division accorded by the emperor Hadrian, and says it was adopted in the practice in France.

Our Code has adopted this principle; and so far as our present enquiry is involved, has substantially followed the law of Rome and France. "When several persons have become sureties for the same debt, each of them is individually liable for the whole of the debt, in case of the insolvency of any of them." Art. 3018. "Any one of them may, however, *demand* that the creditor should divide his action, by reducing his demand to the amount of the share and portion due by each surety, unless the sureties have renounced the benefit of division." Ib. "A creditor can by no means claim the whole sum from the surety who applied for a division, when the other sureties have become insolvent since the time of that application. The same thing takes place if the creditor has himself voluntarily divided his actions." Art. 3019.

The contract of suretiship, under these provisions of law, is of a mixed character. The obligation of each surety is to pay the whole debt; but this solidarity is tempered by the right of division. This right however, rests *in facultate.* The surety has the right to demand the division; but until the right is exercised, the obligation is solidary.

In the present case there has been no demand of division by the sureties. They were attacked by the plaintiff as debtors *in solido,* and pleaded the general issue. The exception is a peremptory one, which must be pleaded specially; and this has not been done in the court below, nor even in this court. Dividitur obligatio inter plures fidejussores per exceptionem duntaxat, non ipso jure. It is not an exception which can be supplied by the court. It is obvious that it presents a mixed question of law and fact. Suppose that Lyons or Smith had pleaded the exception of division. The plaintiffs might have met the plea by proving the insolvency of the other surety. See Troplong, Cautionnement, § 297, and the authorities there cited. Merlin, Rep. *verbo* Caution., § 4, no. 2.

It is therefore decreed that the judgment of the court below be reversed, and. that the plaintiff recover from the said defendants *Henry A. Lyons* and *Ira Smith,*

*in solido*, the sum of two thousand two hundred dollars, with ten per cent interest thereon from the 4th day of April, 1843, until paid, and costs in both courts.