### HENRY DUBUCH *v.* E. GOUDCHAUX, et al.

*A delay granted to the drawer of a promissory note, without any consideration or the taking of a new obligation, does not discharge the endorsers. The agreement for delay, in order to discharge the endorsers, must be one for some consideration, and of such character as to prevent the holder from suing the drawer.*

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *J. Magne*, for plaintiff. *Race* and *Foster*, for defendants. The judgment of the court was pronounced by

PRESTON, J. The defendant, *Goudchaux*, gave *Murray* a negotiable note, in payment of work done for him, which the latter endorsed and had discounted on his own account. The drawer and endorser are both sued. Judgment without defence was rendered against the drawer. The endorser pleads that he was discharged from liability, because time was given by the holder of the note to the drawer for payment.

*Goudchaux*, the drawer of the note, was used as a witness for the endorser. The substance of his testimony, to establish an agreement by the holder of the note to give him time for payment, is as follows: "The plaintiff agreed with me, that I might have what time I choose on paying installments, as I should receive money which was due me, and was not to receive any installments until six weeks after the agreement; that he did not wish to pain me, and would do everything to facilitate me in paying the note; that I might take my own time, and pay as I could." On cross-examination, he states, that "there was no time fixed to pay the note in."

This testimony establishes a bare promise of indulgence to *Goudchaux*, without consideration. Its utmost effect was a promise to forbear suing until he should have a chance to pay the debt himself, by installments. New notes were not taken; there was no new security; the nature and circumstances of the debt was in no manner changed; there was a mere gratuitous promise, temporarily to suspend a suit growing out of a wish to facilitate and induce the drawer to pay, in the hopes of obtaining the money, without suit, for the advantage of the endorser as well as the drawer of the note.

Now it was held, in the case of *Frazier et al.* v. *Dick et al.* 5 R. R. 251, that "a delay granted to the drawers of a promissory note, without consideration and without taking any new security, will not discharge other parties, if the holder has not entered into such an agreement as will disable him from suing the drawer." Without concurring in other reasons given for that decision, which have been overruled, we think those quoted contain the true doctrine on the subject under consideration. See also, 16 L. R. 213. This is latterly a well settled principle in England and in our sister States. Chitty on Bills, 447. 3 Kent's Commentaries, 111, 112.

In a case very similar to the one before us, but where the facts relied upon by the endorser were much stronger than in this case, he being an accommodation endorser, and an agreement to give time by the holder to the drawer, but without consideration, was positively proved. The Supreme Court of the United States, while Marshall and Washington, and Thompson and Story were on the bench, unanimously held that the endorser was not discharged. 12 Wheat.

We should adhere to the decision, for the sake of uniformity in commercial law with our sister States, unless prevented by the positive injunctions of our own laws. There are none such. On the contrary, the general principle as to the consideration of obligations, that an obligation, without a cause or consideration, can have no effect, (C. C. 1881) seems to aid the well settled principle of commercial law on the subject. It is easily reconciled, too, with all the decisions of our courts. In the case of *Hereford* v. *Chase*, 1 R. R. 213, an accommodation endorser was held to be a mere surety, and, as such, discharged by the holder of the note on the obligee impairing his rights against the principal debtor. In this case, *Murray* was not an accommodation endorser, but transferred the note, himself, to the plaintiff, for a valuable consideration paid to himself. By the failure of the drawer to pay it, the endorser for whom it was discounted, perhaps, became the principal obligor to the holder, and the drawer his surety.

In the case of *Adlé* v. *Metoyer*, the holder of notes lost his recourse against one of the drawers, he having signed as surety, by giving time, and for valuable considerations to the principal drawer. 1st Ann. 254.

The case of *Halstead* v. *Noble*, was a suit on an auctioneer's bond. The plaintiff took six notes of the auctioneer, payable at different times, and a payment in cash for the amount of the defalcation. The surety was discharged. 1st Ann. 192.

These were cases of suretyship, in which, as expressly provided by article 3032 of the code, the sureties were discharged, by the fact of giving time to the principal debtor. The same principle prevails at common law. 6 Vesey, 809, note a. *Rees* v. *Barrington*, 2 Ves. Jun. 540. *Nisbet* v. *Smith*, 2 Brokes' Chan. Cases, 579. 6 Taunt. 379. 2 Marshall, 81. And yet it is not deemed inconsistent with the Commercial principle invoked by the plaintiff's counsel in this case.

It was in the power, and was the duty of the endorser, if he apprehended any change in the circumstances of the drawer, to have paid the note for which he had received the consideration, and to have dispensed the holder with the expense and trouble of suing. If he had done so when the note was dishonored, there would have been no occasion for the plaintiff's indulgence to the drawer. And even after the loose and gratuitous promise of indulgence, which is proved, we have no hesitation in saying, that an immediate suit by the endorser against the drawer, on the note for which he had given his labor, would have been sustained, notwithstanding the promise set up in defence.

This view of the case renders it unnecessary to examine the bill of exceptions, or the other points made by the plaintiff.

The judgment of the district court is affirmed, with costs.

SLIDELL, J. I concur in the affirmance of the judgment, upon the ground that no agreement is shown by the evidence, which would have prevented *Dubuch*, at any time, from bringing suit against the maker of the note. There was, in substance, an expression of a disposition to indulge the endorser, but no time was fixed. Mere forbearance to sue a maker, is insufficient to discharge an endorser.