MARTIN GORDON, JR., for the use, &c. *v.* SUCCESSION OF E. W. DIGGS and R. B. SYKES.

A steamer was sequestered, and released on bond. In an action against the sureties on the bond, they pleaded that the steamer had been, subsequent to the sequestration, seized and sold by another creditor, and the proceeds, to the knowledge of plaintiff, paid into court and distributed among the creditors. *By the Court:* The creditor was not bound to resort to the fund in question, and thereby involve himself in a litigation with third persons, which, for aught that appears to the contrary, might have been fruitless, and which resort he was not requested by the sureties to use.

C. C. 3018.

APPEAL from the Second District Court of New Orleans, *Lea*, J. *Durant & Hornor*, for plaintiff and appellant. *L. Eyma*, for *R. B. Sykes*, defendant. *Wolfe & Singleton*, for succession.

SLIDELL, C. J. The defendants, *Sykes*, and the executor of *Diggs*, were sued upon a bond given by them as sureties of *Levistones*, to release a sequestration of a steamer owned by *Levistones* and others, which issued in the suit of *Gordon* v. steamer *Cincinnati, Levistones, and others.*

Under the answer of *Sykes*, we think the genuiness of his signature was not put in issue. C. P. 324.

The District Judge did not err in considering the matter specially pleaded by *Sykes*, as not constituting a discharge of the surety. The plea, and the showing made under it were, that the steamer was subsequently seized in another suit, was sold at judicial sale, and the proceeds, to the knowledge of plaintiff,

distributed among other creditors, and that plaintiff, if he had asserted his pri- 
vilege, might have received payment out of that fund.

Under the bonds, the principal obligor and his sureties were bound to re-
store the property sequestered, and released, or satisfy the judgment, at least
to the amount of its value, which was much more than the judgment rendered
in the cause.

The creditor was not bound to resort to the fund in question, and thereby
involve himself in a litigation with third persons, which, for aught that ap-
pears to the contrary, might have been fruitless; and which resort he was not
even requested by the sureties to use. Under the case of *Parker* v. *Alexan-
der*, 2 Ann. 188, *Louisiana State Bank* v. *Ledoux*, 3 Ann. 680, it is clear that
much of the defence was properly disregarded.

It is also clear that by the nature of that contract, and in the absence of
express words therein to the contrary, the sureties were solidarily liable. Our
code declares, that when several persons have become sureties for the same
debt, each of them is liable for the whole of the debt in case of insolvency of
any of them. Article 3018. In this, it follows, the rule of the Roman
law, si plures sint fidejussores, quotquot erunt numero singuli in solidum
tenentur. The article gives, it is true, the right of division ; but the exception
of division was not pleaded. See *McCausland* v. *Lyons*, 4 Ann. 274, and the
authorities there cited.

The appeal in this case was taken by *Sykes*. It was applied for by petition,
and he gave bond in favor of the plaintiff only. The succession of the other
surety, *Diggs*, is not properly before us, either as appellant or appellee, and we
cannot therefore inquire into the correctness of the judgment as to *Diggs*, as
we are requested to do by the plaintiff in his answer to the appeal.

Judgment, as to *Sykes*, affirmed with costs.