RAWLINGS, DUNCAN & Co. *v.* T. N. BARHAM.

Sureties on an appeal bonds ought to relieve themselves from liability, on the ground that proper diligence was not used to make the money out of the principal debtor. *Held :* That it does not appear that by any act or even neglect of the creditor, a subrogation to his rights, mortgages and privileges, can no longer be exercised in favor of the sureties, and they are therefore bound.

APPEAL from the District Court of Morehouse, *Richardson*, J. *S. G. Parsons*, for plaintiffs. *Todd & Brigham*, for defendant and appellant.

COLE, J.   The facts of the case are as follows :

On the 20th of January, 1854, plaintiffs obtained judgment against *Thomas N. Barham*, for $2,348 48 ; from which he took a suspensive appeal, and on the 21st of January, 1854, executed the appeal bond, with *W. H. Compton, Wiley J. Vester*, *R. C. Hendrick*, *F. N. Lewis* and, *H. B. Hill*, as sureties.

The judgment appealed from was rendered by this court, and affirmed for $1,258 10.

On the 28th September, 1853, a *fi. fa.* issued against the defendant, *Barham*, which, on the 6th of November following, was returned in no part satisfied.

Plaintiffs then took a rule against the sureties on the appeal bond, to fix their liability, under the Act approved March 20th, 1839.

A trial of the rule was had, and judgment of non-suit rendered against plaintiffs, on the ground that the writ of *fi. fa.* was returned too soon, and before the expiration of the ten days.

On the 3d of July, 1856, plaintiffs caused an alias *fi. fa.* to be issued against *Barham*, which, on the 12th of September following, was also returned *nulla bona.*

On the 8th of November following, plaintiffs filed another rule against the sureties, out of which has grown the present controversy.

Two of the sureties, *Compton* and *Vester*, answered the rule, alleging the nullity of the appeal bond, &c., and pleading division.

Upon these issues a trial was had, and judgment rendered against all the sureties *in solido*, from which the defendant, *Vester*, appeals.

1st. Appellant contends that the judgment is erroneous, because proper diligence was not used to make the money out of *Barham*; that they did not exhaust his property, nor pursue their mortgage rights upon the same, and by their laches, they have deprived the sureties of rights, which they were bound to preserve for them in the event they had the debt to pay.

Plaintiff has done all which was necessary in order to proceed against the sureties : he has caused a *fi. fa.* to issue against *Barham*, and the sheriff has returned *nulla bona.*

If defendants wished to exercise any rights against the property of *Barham*, which the plaintiffs delayed to exercise, either because they did not know of such rights, or thought their pursuit would be fruitless. Defendants cannot then complain, because they might have paid the judgment, and been subrogated to the rights of their principal.

Besides, it does not appear that by any act or even neglect of the creditor, a subrogation to his rights, mortgages and privileges, can no longer be operated in favor of the sureties. Vide Co. Art. 596; Amendatory Act, 1833, p. 170; 4 L. 302; 1 Ann. 123; *Alley* v. *Hawthorn*; C. C., Art. 3030.

2d. The appellant in his answer, claimed the benefit of division, in the event judgment should be rendered against the sureties, which was not allowed, but judgment was rendered against the defendants *in solido.* The claim to division was resisted upon the ground of the insolvency of the sureties.

We consider that the insolvency of all the sureties, except *Vester*, is established by the testimony, and the plea of division cannot prevail, when the co-sureties are insolvent. Vide 4 Ann. 273; *McCausland* v. *Lyons, et al*, 5 Ann. 523; *Holmes & Swanwick* v. *Steamer Belle Aire and owners*, C. C., Art. 3018.

In conclusion, we would remark, that the surety on an appeal bond is liable, if any part of the judgment is affirmed. 3 Ann. 37, *Diamond* v. *Petit*; Ib. p. 389, *Reiner* v. *Pendergast*; 5 A. 523.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.