No. 448.

### Thomas B. Kilgore. v. John L. Tippit et als.

The defendants are sued as sureties, bound *in solido*, which they deny. After the case had been tried and submitted, but before judgment the defendants offered to file the plea of division. This was objected to on the grounds that it came too late, and that many of the co-sureties were then insolvent. The plea was properly refused by the judge *a quo*.

Division is a right accorded to sureties, but they can not claim this benefit while denying their obligation as surety; the plea is inconsistent. The obligation sued upon in this instance is manifestly one of suretyship, and solidarity is of the nature of that contract.

APPEAL from the Eleventh Judicial District Court, parish of Claiborne. *Trimble, J. Egan & Hayes* for plaintiff and appellee. *J. & J. W. Young*, for defendants and appellants.

LUDELING, C. J.   The defendants are sued as sureties on the following written obligation:

"We, the undersigned stockholders of the Claiborne Manufacturing Company hereby bind ourselves to Merrill Monk, Sr., in consideration of his lending said company twenty-eight hundred dollars in gold, that the note given for said sum this day by John L. Tippit, president

of said company, payable to Merrill Monk, Sr., on the first day of December, 1868, in gold, with eight per cent. per annum interest from date, until paid, shall be paid according to its face in gold, and also pledge our honors as men thereto.     J. L. TIPPIT,

·JOSHUA WILLIS,<br>
H. W. PATTON,<br>
JOHN L. WILLIAMS,<br>
JAMES F. NELSON,<br>
WILLIAM MUNLEY,<br>
J. S. BURHAM,<br>
G. C. BAKER,<br>
J. .F. FESTION,<br>
J. F. SCAIFFE."

They deny their liability, *in solido*, or that they are sureties.

After the case had been tried and submitted, but before judgment the defendants offered to file the plea of division. This was objected to on the grounds that it came too late, and that many of the co-sureties were then insolvent. The judge *a quo* refused the plea properly.

Division is a right accorded to sureties. C. C. 3049. But they can not claim this benefit while denying their obligation as surety. The plea is inconsistent with their answer denying their liability. Pothier says: "Enfin les lois refusent l'exception de division aux cautions qui ont commencé par dénier de mauvaise foi leur cautionnement." Vol. 1, p. 403, §417.

The obligation sued upon is manifestly one of suretyship; and solidarity is of the nature of that contract. Pothier vol 1, p. 402, §416.

It is therefore ordered and adjudged that the judgment be affirmed with costs of appeal.