50 1278
f118 227

## No. 12,686.

### METROPOLITAN BANK vs. EMILE MULLER ET ALS.

1. When the promissory note to the maker's order is transferred by him to his creditor with the names of parties placed on the back of the note while in the maker's hands, the holder acquiring with full knowledge that the names of such parties were thus placed on the note for the accommodation of the maker, they will be regarded as sureties for the maker, and not as endorsers in the sense of the law merchant. Story on Promissory Notes, Secs. 133, 134, 188; 1 Randolph Negotiable Paper, 829, 831, 832 and 834; 4 Rob. 161; 10 La. 574; 4 An. 273; 95 U. S, 90, and line of decisions in the Digest; 1 Hennen, p. 172, No. 1.

Bank vs. Muller et als.

2. As sureties of several for the same debt, defendants primarily liable *in solido* are entitled to a division of the debt so as each shall respond for his share or part of the debt, unless they have renounced the benefit of division, and on being sued demand such division. C. C., Arts. 3049, 3050; 4 An. 273; 9 An. 423; 12 An. 630.

ON APPEAL from the Civil District Court for the parish of Orleans. *Ellis, J.*

*Dinkelspiel & Hart* for Plaintiff, Appellee.

*Harry H. Hall, E. E. Moise, Buck, Walshe & Buck, Carroll & Carroll,· Theodore G. Spitzfaden, J. B. Rosser, Jr.*, for Defendants, Appellants.

Argued and submitted November 9, 1898.
Opinion handed down December 5, 1898.

The opinion of the Court was delivered by.

MILLER, J. This appeal is by six defendants, sued as endorsers of a promissory note. The defence is, omitting exceptions not insisted upon, that the defendants are sureties, liable each only for his *virile* share, and the answers insist the plaintiff's demand be restricted to the portion of each defendant, *i. e.*, one-sixth of the debt. The petition claimed judgment against defendants *in solido*, the judgment *in solido* was rendered, and the appeal presents the single question of the character of the obligation incurred by defendants in placing their names on the back of the paper sued upon.

We have in the record the agreed statement that at one and the same time, the note sued on was made by the Brewing Association to its own order, by it endorsed, endorsed also by the six defendants; that it was thus endorsed for the accommodation of the maker, and by the maker with the names of defendants upon it, was delivered to the plaintiff, acquiring with full knowledge of all the facts incorporated in this agreed statement.

The argument for the defendants that they are to be viewed as joint endorsers, hence only liable jointly, is based upon decisions arising on promissory notes made by two or more parties to their own order, expressing no obligation *in solido*, and hence creating a

joint liability not changed by the endorsement of the makers. Chad-wick vs. Waters, 3 Martin N. S., 437; Baggett vs. Rightor, 4 R. 18; Mayor, etc., of New Orleans vs. Ripley *et als.*, 5 La. 122; 1 Hennen's Digest, p. 177, No. 4. This line of decisions does not, in our view, furnish the solution of the question here of the liability, not of a note of joint makers who endorse it, but of the liability of parties not makers or payees, but who place their names on the back of negotiable paper, while in the hands of the maker, who hands it to his creditor acquiring with full knowledge of all the facts.

The endorser under the commercial law is the payee, who, acquiring from the maker, endorses the note to convey title to another, the endorsee, and the endorsee becomes endorser when he, in turn, places his name on the note to transfer it. This is the general rule, though there are cases in which the party is deemed an endorser merely, because his name is on commercial paper after that of the payee. It is obvious, however, that the parties, defendants here, who put their names on the back of the paper while in the hands of the maker, who thereupon handed it to his creditor, the plaintiff, the holders acquiring the paper with knowledge of all the facts, are not endorsers under the law merchant. Their endorsements belong to the class known as irregular endorsements. In the jurisprudence of some of the States they would be deemed joint makers. Our own courts, dealing with these irregular endorsements given under circumstances falling within the principle of the decisions of our courts, have held the endorsers are to be treated as sureties. 1 Ran-dolph on Promissory Notes, Sec. 66; Story on Promissory Notes, Secs. 133 *et seq.;* Gilbert vs. Cooper, 4 R. 161; Smith vs. Gorton, 10 La. 374; Goos vs. Martin, 95 U. S. 90, and line of decisions collated in 1st Hennen's Digest, p. 172, No. 1. We understand the plaintiff places the liability of the defendants on the footing of sureties, recognized by our own, and in our view, by the general jurisprudence.

If these defendants are to be deemed sureties for the Brewing Association they are entitled to the rights arising out of their con-tract. The Code declares that several persons who become sureties for the same debt are liable *in solido,* but they have the right of being sued to demand that the creditor shall reduce his demand to the share or portion of each of the sureties. This right of division is excluded only when the sureties have renounced it, or when one or more of the sureties are insolvent, and their insolvency has occurred

before the division of the debt has been demanded by the other sureties. Civil Code, Arts. 3049, 3050; McCausland vs. Lyons, 4 An. 273; Gordon vs. Succession of Diggs, 9 An. 422; Rawlins, Duncan & Co. vs. Barham, 12 An. 630.   In this case there is no renunciation by the sureties of the benefit of division, nor is there any issue of the insolvency of any of them.   The right of division is wholly distinct from the exception of discussion to which reference is made in the plaintiff's argument.   To preserve the benefit of division, it suffices, in our opinion, that on being sued the sureties demand that division. To exact more is to go beyond the requirement of the Code.   We find in each of the answers of the defendants the demand that the plaintiff be restricted in his recovery to the *virile* share of the defendants.   In the case from 4th Annual we cite, the suit was on a promissory note against two parties deemed to be irregular endorsers, and hence sureties.   The court in that case epitomized the law thus: Sureties for the same debt are liable *in solido*, but that solidarity ceases when, being sued, the sureties claimed the division of the debt.   It was solidarity tempered with this right of division.   The right was *in facultate*, as the court expressed it, and was to be allowed whenever the sureties chose to claim it.   In that case the sureties made no such demand except in argument, and, as a consequence, lost the right.   Here, the division is claimed, and under the imperative requirement of the law must be allowed.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be and it is hereby avoided and reversed, and it is now adjudged and decreed that each of the defendants, E. Muller, Peter Blaise, Theodore Brunner, Joseph D. Taylor, E. F. Hoppe and Charles J. Babst, do pay plaintiff one-sixth of the amount of the note sued upon, with interest on said one-sixth as stipulated in the note, and that plaintiff pay costs.

NICHOLLS, C. J., and BREAUX, J., dissent.