(42 South. 782.)

No. 16,260.

JOHN M. PARKER & CO. v. GUILLOT et al.

(Jan. 7, 1907.)

1. PRINCIPAL AND SURETY—RELEASE OF SURETY—EXTENSION OF TIME—CONSIDERATION.

Defendants are not indorsers, but securities, upon the notes declared on. They claim to have been released from liability as such by reason of an alleged extension of time granted by the holder of the note to the maker, and his inability to subrogate them to the rights to which they were entitled, had they desired to take up the notes.

The alleged extension of time, carrying with it their release from all liability, was a mere indulgence to the maker of the note, at his request, as a favor, and without consideration, which he was at liberty legally to withdraw at any time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Surety, §§ 201, 203, 213.]

2. SAME.

Not having estopped himself by this indulgence, plaintiff was in a position to turn the notes over to the defendants, on payment made by them, with full liberty of action on their part against the principal. Dubuch v. Goudchaux, 6 La. Ann. 780; Purdy v. Forstall, 13 South. 195, 45 La. Ann. 814; Metropolitan Bank v. Muller, 24 South. 295, 50 La. Ann. 1281, 16 Am. St. Rep. 475.

3. SAME—REMEDIES OF SURETY—DIVISION OF LIABILITY.

Defendants are entitled to the benefit of the division which they claim. The insolvency of one of the sureties has not been established. Bank v. Muller, 24 South. 295, 50 La. Ann. 1280, 69 Am. St. Rep. 475.

(Syllabus by the Court.)

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; Gregory Horatio Couvillon, Judge.

Action by John M. Parker & Co. against Ceran R. Guillot and others. From the judgment, all parties appeal. Affirmed.

Joseph Clifton Cappel, for plaintiffs. Joseph William Joffrion and Lafargue & Lafargue, for defendants.

Statement of the Case.

NICHOLLS, J. The plaintiffs, on February 19, 1906, sued Ceran R. Guillot and William H. Sayes on two promissory notes, dated at Marksville, La., on January 9, 1905, and signed by A. V. Saucier as maker. By the first of these notes he promised to pay on the 1st day of January, 1906, to the order of John M. Parker & Co., the sum of $2,100, at the office of John M. Parker & Co., in New Orleans, La., for value received, with 8 per cent. interest per annum, from January 1, 1906, until paid, and 10 per cent. attorney's fees in case of suit, and, in case this note is not paid at maturity, all subsequent notes of series shall be and become thereby matured and collectible. The note bore upon its back the names of C. R. Guillot and W. H. Sayes.

The second note was also for $2,100, and differs from the first only as to the date of payment, being payable on the 5th day of January, 1907.

Plaintiffs alleged in their petition that both notes were indorsed by Guillot and by Sayes, and judgment was prayed for against them in solido. Plaintiffs alleged that by reason of the court having granted a respite to A. V. Saucier, which had not yet expired, they were unable to sue him for the present; but they reserved their right of action against him.

Defendants answered separately. After pleading the general issue they urged, first, that they were accommodation indorsers; second, that as such they were relieved from all liability, because plaintiffs had granted, without their knowledge or consent, and to their injury, extension of time to the maker, and that the said extention of time changed the nature of the obligation and created a new one, to which they were not parties; third, in the contingency that the court found them liable, then their liability was divisible, each being liable only for one-half of the amount.

The district court refused to render a judgment in solido against the defendants. It rendered judgment in favor of the plaintiffs against the defendants for $3,944.64, with 8 per cent. interest per annum thereon, from April 17, 1905, until paid, and the additional sum of 10 per cent. on said amount as attorney's fees—each of the defendants being condemned to pay one-half of the amount which it found due; that is, it condemned each to pay $1,972.32, with interest, attorney's fees, and costs.

All parties appealed and gave bond, but the only transcript filed was that which was brought up and filed by the plaintiffs. Plaintiffs insist that under such circumstances the defendants are not before the court as appellants. On March 2, 1905, A. V. Saucier applied for a meeting of creditors to vote and pass upon the application he then made to be granted a respite for one and two years from the date of the meeting. The meeting was called and held under orders of the court and voted in favor of the applications. On the 26th of April, 1905, the court approved and homologated the proceedings of the meeting and granted the respite.

On the 5th of January, 1906, the two notes on which the suit was based were protested for nonpayment. On January 15, 1906, Saucier wrote to plaintiffs as follows:

"I write to beg you to hold your note against me for three or four weeks longer. I am very confident that I will be able to settle with you within that time. I have an offer to buy my hardwood timber, and the party is now having the same estimated, and from all indications he will buy, and in that event it will enable me to settle with you and others. I hope you can see your way clear to grant me the above request."

To this letter the plaintiffs replied on the 16th of January, 1906:

"We have your letter of the 15th inst., and carefully note all you say. We have no desire to be hard on you, and, while we are much disappointed that the notes were not met at maturity, at the same time we will delay, as you request, for three or four weeks longer, so you can complete sale of your timber. We hope by the 16th of February or before you will have matter in shape to take up the notes we hold."

118 LA.—8

On January 26, 1906, plaintiffs wrote to the defendant Sayes:

"We to-day received a letter from Mr. A. V. Saucier, coming from Marksville, dated 15th inst., in which he requests us to wait three or four weeks for settlement of our claim. This we have agreed to do, and so think it would be well if you would watch over the matters and advise us if anything interesting turns up."

On the 26th of January, 1906, they wrote him a second letter, saying:

"We have your favor of the 23d inst., mailed from Alexandria, and are pleased to note you think Mr. Saucier will probably be able to meet the payments he promised. We agree to wait until the 16th of February before taking any steps, and have advised Mr. Saucier accordingly."

It is conceded by all parties that the debt due to the plaintiff on the 17th of April, 1905, was the sum of $3,944.64.

### Opinion.

We are of the opinion that the judgment appealed from is correct. The defendants are not indorsers upon the notes declared upon. Their status is that of sureties, and their rights and obligations are to be tested from that standpoint. The claim advanced by the defendants that they have been released from all liability for the reasons that plaintiffs have granted an extension of time to Saucier, the maker of the notes, without their knowledge or consent, and that plaintiffs placed matters in such a condition that they could not have subrogated them to all the rights to which they were entitled as sureties, had they desired to take up the notes, is not sustained by the evidence. In the first place, the action of the plaintiffs, which is designated by the defendants as an extension of time, carrying with it their release from all liability, such as it was, was a mere indulgence to the maker, Saucier, at his request, as a favor, and without consideration, which he was at liberty legally to withdraw at any time. Even had Saucier not obtained the benefit of a respite, it would have amounted to nothing more than a for-

bearance from taking active steps against him for a short period. As the plaintiff would not himself have been estopped by the indulgence given to Saucier, he was in a position to turn the notes over to the defendants on payment made by them, with full liberty of action on their part. Frazier et al. v. Dick et al., 5 Rob. (La.) 251; Huie v. Bailey, 16 La. 213, 35 Am. Dec. 214; McLemore v. Powell, 12 Wheat. (U. S.) 554, 6 L. Ed. 726; Dubuch v. Goudchaux, 6 La. Ann. 780; Purdy v. Forstall, 45 La. Ann. 814, 13 South. 95; Metropolitan Bank v. Muller, 50 La. Ann. 1281, 24 South. 295, 19 Am. St. Rep. 475; Civ. Code, art. 1815.

In this particular case a forced extension of time was granted by the court itself through the respite granted to Saucier.

In Bank v. Muller, 50 La. Ann. 1280, 24 South. 295, 69 Am. St. Rep. 475, this court said:

"If the defendants are to be deemed sureties for the brewing company, they are entitled to the rights arising out of their contract.

"The Code declares that several persons who become sureties for the same debt are liable in solido, but they have the right of being sued to demand that the creditor should reduce his demand to the share or portion of each of the sureties. This right of division is excluded only when the sureties have renounced it, or when one or more of the sureties are insolvent and their insolvency has occurred before the division of the debt has been demanded by the other. 'Sureties' Civ. Code, art. 3049, 3050; McCausland v. Lyons, 4 La. Ann. 273; Gordon v. Succession of Diggs, 9 La. Ann. 422; Rawlins, Duncan & Co. v. Barham, 12 La. Ann. 630. In this case there is no renunciation by the sureties of the benefit of division, nor is there any issue of the insolvency of any of them."

For the same reasons we are of the opinion that the defendants are entited to the benefit of the division which they claim. The insolvency of Sayes has not been established.

Plaintiffs urge that defendants, by denying any liability to the plaintiffs, have cut themselves off from the right to invoke division, and they cite in support of that position Kilgore v. Tippit, 26 La. Ann. 624. The defendants do not deny their original liability on the notes, but claim that by reason of certain alleged acts of the plaintiffs they have been released. They had the legal right, and in perfect good faith, to raise that issue, and to plead in the alternative, should they be held to be still liable to plead division.

While the conclusion we have reached renders it unnecessary to make any special reference to plaintiffs' claim that defendants are not before the court but as appellants, we think it proper to say that they are mistaken in that position.

The judgment of the district court is affirmed. Costs of appeal to be divided between plaintiffs and the defendants.