(91 South. 287)

No. 22642.

## CONTINENTAL SUPPLY CO. v. FISHER OIL CO. et al.

(March 20, 1922.)

*(Syllabus by the Court.)*

1. **Pleading** &#9758;36(1) — **Pleader's conclusion that defendant was an indorser is not binding where facts pleaded show him liable as surety.**

Mere conclusions of law do not bind the pleader when the facts alleged show such conclusions to be erroneous.

2. **Bills and notes** &#9758;462(1)—**Alleging that a certain state allows three days' grace is equivalent to alleging it has not adopted the Uniform Negotiable Instruments Law.**

An allegation that by the laws of a certain state three days of grace are allowed on promissory notes is equivalent to an allegation that the Uniform Negotiable Instruments Law has not been adopted in said state.

3. **Evidence** &#9758;80(1)—**Where Uniform Negotiable Instruments Law has not been adopted, the presumption is that the general law merchant applies.**

Where the Uniform Negotiable Instruments Law has not been adopted in a state, the presumption is, in the absence of proof to the contrary, that the law of such state is the general law merchant as understood and applied in this state prior to the adoption of said statute.

**4. Bills and notes ⬅⇒245—Before adoption of Uniform Negotiable Instruments Law one not a party to a bill, placing his name thereon became a surety.**

By the law of this state, before the adoption of the Uniform Negotiable Instruments Law, one not a party to a bill or note who put his name upon it, was presumed to have done so as surety for the maker and not as an endorser in the sense of the Law Merchant.

**5. Principal and surety ⬅⇒168—Suretyship; surety seeking discussion of principal's property must advance costs of proceedings.**

The surety who seeks a discussion of the property of the principal must point out such property and advance the cost of the proceeding.

**6. Principal and surety ⬅⇒168—Suretyship; surety may sue principal, but cannot require another to do so.**

A surety, when sued, may himself sue the principal, but cannot require the plaintiff to do so.

Provosty, C. J., dissenting.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Suit by the Continental Supply Company against the Fisher Oil Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Leon Sonfield, of Beaumont, Tex., and Modisette & Adams, of Jennings, for appellant Zigler.

Elam & Lee, of Mansfield, and J. S. Atkinson, of Shreveport (Smith & Carmouche, of Crowley, of counsel), for appellee.

By the WHOLE COURT.

ST. PAUL, J. This is a suit upon a promissory note brought against the maker and one G. B. Zigler, who put his name upon the back thereof for some purpose. Zigler alleges that he did so for the accommodation of this plaintiff, in order to enable the latter to negotiate the note. But we find as a fact that the note was given in renewal of a preexisting and dishonored note which Zigler had indorsed in order to give credit to the same maker, and upon which Zigler had become liable by the sole fact of said note having been dishonored; presentation and notice of dishonor having been specially waived.

[2] As the note sued on contained no waiver of notice of dishonor, and none appears to have been given, Zigler now claims that he was discharged, being an "indorser" and entitled to such notice. Neg. Inst. Law, § 63 (Act No. 64 of 1904). But the note was drawn and made payable in Texas, and the allegation in the petition that three days' grace are allowed by the laws of Texas is equivalent to an allegation that the Uniform Negotiable Instruments Law had not been adopted in Texas. Neg. Inst. Law, § 85. Under the pleadings it was therefore competent to show, and the evidence does show, that said law had not been adopted in Texas.

[3] Granting, however, that this allegation was not sufficient to allow proof of the laws of Texas generally (under which Zigler was a guarantor), nevertheless the law then applicable would, of course, be the general law merchant as understood and applied in this state before the adoption of the Negotiable Instruments Law. Ex parte Lafonta, 2 Rob. 495.

[4] And since the note herein sued upon was payable to the order of the plaintiff herein, and Zigler (as we have said) put his name thereon for the sole purpose of giving credit to, and obtaining an extension of time for, the maker, he was under the aforesaid law of this state a guarantor or surety and liable on the note without notice of its dishonor. One not a party to a bill or note who puts his name upon it is presumed to have done so as surety for the maker, and not as indorser in the sense of the law merchant. Claflin v. Feibelman, 44 La. Ann. 518, 10 South. 862; Bank v. Muller, 50 La. Ann. 1278, 24 South. 295, 69 Am. St. Rep. 475.

[1] The contention that Zigler, having been sued as indorser, cannot be held liable as surety, is without merit; that was a mere conclusion of law from facts stated, which show the contrary. Mere conclusions of law do not bind the pleader when the facts alleged show such conclusions to be erroneous.

[5] As to the plea of discussion, that is untenable. The maker of the note is a defunct corporation without assets whatever, in or out of the state. Zigler has not attempted to point out any such, does not pretend that any such exist, and has not offered to pay the cost of pursuing such discussion. C. C. art. 3047.

[6] As to the alleged nullity of the judgment against the Fisher Oil Company, we cannot see that Zigler has any concern therein. He had all along, and still has, his recourses against the maker of the note for whatever that may be worth. C. C. art. 3057; Thompson v. Wilson's Ex'r, 13 La. 142. And plaintiff was not required to sue the maker at all. Boutte v. Martin, 16 La. 133, 136.

### Decree.

The judgment appealed from is therefore affirmed.

PROVOSTY, C. J., dissents.