No. 2186

Second Circuit Appeal

H. P. GUNTER v. D. T. PHILLIPS ET AL.

(May 9, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Bills and Notes— Par. 111.**

Where one not a party to a promissory note writes his name across the back of it he becomes a surety for the maker and not an endorser in the sense of the law-merchant.

2. **Louisiana Digest—Suretyship—Par. 40.**

From the evidence there was not such an extension of time granted the debtor on a note which would have prevented the surety from paying the note and proceeding legally at once to collect. Consequently the surety is liable for the face value of the note.

Appeal from Seventh Judicial District Court of Louisiana, Parish of Richland, Hon. John R. McIntosh, Judge.

This is a suit to collect the face value of a promissory note from surety.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

T. R. Hodge, of Rayville, attorney for plaintiff, appellee.

Ellis & Ellis, of Rayville, attorneys for defendants, appellants.

STATEMENT OF THE CASE.

REYNOLDS, J. This is a suit on a promissory note signed by D. T. Phillips in favor of H. P. Gunter.

R. E. Phillips wrote his name across the back of said note without being an original party to the note.

Plaintiff seeks to hold R. E. Phillips as a surety on said note, and R. E. Phillips denies liability on the ground that H. P. Gunter extended the time for the payment

of said note for twelve months without his knowledge or consent and to his detriment and injury.

There was judgment for plaintiff, holding R. E. Phillips as surety and he has appealed.

The question to be decided is whether or not an extension of time by the payee of a note to the payor without consideration and without the knowledge or consent of the surety who, though not a party to the note had written his name across the back of it, relieves said party, signing on the back of the note, from his obligation as surety.

OPINION

When one not a party to a promissory note writes his name across the back of it he becomes a surety for the maker, and not an endorser in the sense of the law-merchant.

Story on Promissory Notes, sections 133, 134, 1888.

Randolph on Negotiable Instruments, 829, 831,834. McCausland vs. Lyons, 4 La. Ann. 273; Metropolitan Bank vs. Muller, 50 La. Ann. 1278, 24 South. 295.

The obligation of the surety towards the creditor is to pay him in case the debtor should not himself satisfy the debt. C. C. 3045.

An extension of time granted by the payee of a promissory note to the payor that does not deprive the surety from paying the note and thereby becoming subrogated to the rights of the payee and at once proceed against the payor, does not discharge the surety from his liability. John M. Parker & Co. vs. Guillot, 118 La. 223, 42 South. 782.

The surety, if he think the creditor not sufficiently energetic, may pay the debt and, becoming subrogated to his rights, manage the claim to his own satisfaction.

It is only when the creditor, by giving time to the debtor, deprives the surety of the means of insisting on immediate reimbursement, in case he pay the debt and become subrogated to the creditor's right, that the surety is discharged.

Louisiana Digest, vol. VI, section 40, title, Suretyship, and authorities there quoted.

The evidence that the surety, R. E. Phillips, claims shows such an extension of time as to relieve him from his obligation of suretyship, is as follows:

D. T. Phillips, the defendant, pages 2, 3, and 4.

"Q. Now on or about December 1st, 1920, did you secure from Mr. Gunter an extension for the payment of this note?
"A. I did.
"Q. Where were you?
"A. I was in Delhi.
"Q. But at what place did you talk to Mr. Gunter about it?
"A. I was at the pool room.
"Q. Who, if any one was present?
"A. Why I don't think there was any one right at the time we were first talking about it, but I think Mr. Wyatt came in about the time we finished talking about it.
"Q. Did you ask Mr. Gunter for an extension on the note?
"A. Yes, sir; I told him I did not have the money to pay it. He gave me another year on it, thought probably things would change; thought maybe I could pay it.
"Q. Did he agree to extend the payment for another year?
"A. Yes, sir.
"Q. What time did Mr. Gunter make that agreement with you, when was it?
"A. I don't remember the exact date, Mr. Hodge, but it was somewhere along between the 1st and 15th of December, 1920.
"Q. The note was past due when you asked him for the extension, was it?
"A. The note was past due and he came down to see me about it.
"Q. Now the time you asked for, and he agreed to extend the payment of it, did you pay him anything?
"A. I did not.

"Q. You did not pay him anything at all for the extension?

"A. No sir, I did not.

Walter Wyatt, a witness for defendant, page 4.

"Q. Mr. Wyatt were you present in Delhi at Mr. D. T. Phillips' pool room on or about the 1st of December, 1920, during a conversation between Mr. D. T. Phillips and Mr. H. P. Gunter?

"A. I came in about the time, yes sir.

"Q. What did they appear to be discussing?

"A. I never heard what they were discussing. The only thing that I heard was that Mr. Gunter said: "I will let you down easy."

D. T. Gunter, page 8.

"Q. You have heard Mr. Phillips testify that you agreed to extend the due date of this note for twelve months, is that so?

"A. I have no recollection of the extension. I went there several times and he would always tell me that he was unable to pay it from the last time.

From this evidence as a whole we do not think there was such an extension of time as would have prevented R. E. Phillips from paying the note and then proceeding at once by any legal proceedings against D. T. Phillips, the maker of the note.

Article 1815 of the Civil Code provides:

"A positive promise, that from the manner in which it is made, shows that there was no serious intent to contract, creates no obligation."

The conversation relied on by the surety as granting an extension of time for payment took place at a pool room, a place where, as a rule, serious business transactions are not discussed; and was no consideration for the alleged extension.

The District Judge, who heard the witnesses, so construed their testimony, and we think his finding was correct.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed at defendant's costs.