ALEXANDER v. MAJORS

(May 10, 1926, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Suretyship—Par. 20, 62, 66, 73.**

When several persons have become sureties for the same debt each one of them is primarily individually liable in solido, for the whole debt; however, any one of them may demand that the creditor shall divide his action by reducing his demand to the virile proportion due by each surety; but the surety must make an express plea by exception or answer; it will not be sufficient to do so by argument.

2. **Louisiana Digest—Suretyship—Par. 71, 73.**

The plaintiff may then defeat the plea of division by proving the insolvency of any one of the sureties.

Appeal from the Civil District Court, Division "C", Hon. E. K. Skinner, Judge.

Action by Lester F. Alexander against Albert Majors et al., E. Marx. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. Zach Spearing, of New Orleans, attorney for plaintiff, appellee.

A. A. Moreno and J. D. and M. A. Grace, of New Orleans, attorneys for defendant, appellant.

OPINION

CLAIBORNE, J.    The sole question in this case is whether the appellant, one of two sureties on a charter party, is liable jointly or in solido.

The plaintiff alleged that by an act under private signature he chartered and leased to Albert Major the barge "Alexander 12" for the price of eleven dollars for each calendar day for thirty days or until returned; that Major retained possession of said barge until February 13, 1920; that he has not paid the charge therefor for one hundred days, or $1100, and that he owes the towage for same or $93.00; that Edward Marx and George Schwartz bound themselves in solido with said Albert Major for all his obligations under said lease, in the following words: "The undersigned hereby guarantee the payment of all obligations of Albert Major under the above charter".

Plaintiff prayed for judgment for $1193 and interest against all three defendants in solido.

The defendant Majors, filed no answer.

The defendant Marx denied all the allegations of the petition; he admitted that he signed the charter and lease sued on, but denied that he made himself liable in solido thereby.

The defendant Schwartz, pleaded a general denial.

There was judgment for plaintiff against all three defendants in solido. The reasons for judgment were as follows:

"The evidence shows that the charter was granted only and because signed by the guarantors and the negotiations were that the guarantee was individual and that Schwartz was a signer not required but voluntary. I feel that the obligation was intended by all parties to be individual and separate not joint, and shall (so) hold."

The defendant, Marx, alone has appealed. His sole defense is that he is not liable in solido with his co-surety George Schwartz.

It is contended by the plaintiff that by the contract itself the defendants have bound themselves in solido by the use of the words in the singular: "The under signed hereby guarantee, etc.", indicating that each of the sureties obligated himself personally for the whole. Such was the opinion of the district judge which we do not find it necessary to examine.

Our Civil Code, Article 2093 (2088) provides as follows:

"An obligation in solido is not presumed, it must be expressly stipulated. This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provision of the law." 33 Dalloz Rep., p. 299. 1352-1357.

Art 2080 (2075):

"When several persons join in the same contract to do the same thing, it produces a joint obligation on the part of the obligors."

Art. 2082 (2077):

"When several persons oblige themselves to the obligee by the terms in solido, or use any other expressions, which clearly show that they intend that each one shall be separately bound to perform the whole of the obligation, it is called an obligation in solido on the part of the obligors."

The law governing the case is found in C. C., 3049, under the title of Suretyship, which reads as follows:

"When several persons have become sureties for the same debt, each of them is individually liable for the whole of the debt, in case of insolvency of any of them, any one of them may however demand that the creditor should divide his action by reducing his demand to the amount of the share and portion due by each surety, unless the sureties have renounced the benefit of division." C. A. 51.

The corresponding Articles 2025, 2026, 2027 of the Code Napoleon differ in some respect.

C. N. ·2025:

"When several persons have become sureties of the same debtor for the same debt, they are liable each for the whole debt."

C. N., 2026:

"Nevertheless each one of them may require that the creditor shall previously divide his action and reduce it to the share and portion of each surety, unless the surety shall have renounced the benefit of division.

"When, at the time one of the sureties has obtained the division, there were some who were insolvent, this surety is held for the portions of those who were insolvent; but he cannot be pursued for the insolvencies which have accrued since the division."

The interpretation put upon the above articles of our Code of our Supreme Court is the law of this case.

In the case of United States vs. Hawkins' Heirs, 4 N. S. 317, decided nearly a century ago, the court said:

"There is an express provision in our late Code - that where there are several sureties, each is individually liable for the whole debt in case of insolvency of any of them. The special statutes which provide for the manner of taking bail bonds make no exception to the rule. C. C., 430, Art. 12; 1 Mart. Dig., 474, 475, 476. If this article stood alone, there can be little doubt that the creditor would be obliged to show the insolvency before he could recover the whole debt from one of the sureties, because it is only in that event he is responsible. But the next section declares: 'that any of them may, however, demand that the creditor should divide his action by reducing his demand to the amount of the share and portion due by each surety unless they have renounced the benefit of division. C. C. 430, Art. 12. This confusion has arisen from copying the second section literally from the Napoleon Code, and changing the first. It is certainly no easy matter to give satisfactory construction to such enactments. The first declares the surety only responsible for the whole amount on a certain event. The next provides that he may nevertheless claim the benefit of division if sued for the whole, that is, that he may exercise a right which the preceding section would seem to have rendered useless. C. C. 430, Art. 12; C. N. 2025, 2026. And yet this provision must have been introduced for some purpose. The soundest rules of construction require us to presume so, and so to construe laws, that no part of them, if possible, should be vain and without effect. We conclude, therefore, it was the intention of the legislature to make the co-surety responsible for the whole amount: 1st, If any of those bound with him were insolvent; 2nd, if, when sued, although that had not taken place, he failed to claim the benefit of division. Any other construction would leave the second section without effect. The division was not demanded here, nor could it have been successfully, for the obligation made the sureties responsible in solido. We therefore think the judgment bound each for the whole amount."

In the case of McCausland vs. Lyons, 4 La. Ann. 273, the Court said:

"In the present case there has been no demand of division by the sureties. They were attacked by the plaintiff as debtor in solido, and pleaded the general issue. The exception is a peremptory one, which must be pleaded specially; and this has not been done in the court below, nor even in this court. It is not an exception which can be supplied by the court. * * * It is obvious that it presents a mixed question of law and fact. Suppose that Lyons or Smith had pleaded the exception of division, the plaintiff might have met the plea by proving the insolvency of the other surety." See Troplong Cantionnement, 297, and Marlin Rep. Verbo Cantion, 4 No. 2; Pothier Oblig. No. 253, 416, 417; 6 Toul. No. 728.

In the case of Metropolitan Bank vs. Muller et al., six endorsers of a promissory note were sued and condemned as debtors in solido. The court held that they were accommodation endorsers and as such liable as sureties; that having demanded the division of the debt among the defendant sureties, and no insolvency of any of the sureties having been pleaded or shown, the defendants as sureties were entitled to a division of the debt as prayed for. The court said:

"If the defendants are to be deemed sureties for the Brewing Association they are entitled to the rights arising out of their contract. The code declares that several persons who become sureties for the same debt are liable in solido, but they have the right on being sued to demand that the creditor shall reduce his demand to the share or portion of each of the sureties. This right of division is excluded only **when the sureties have renounced it**, or when one or more of the sureties are insolvent, and their insolvency has occurred before the division of the debt has been demanded by the other sureties, C. C. 3049, **3050.** McCausland vs. Lyons, 4 La. Ann. 273; Gordon vs. Suc. of Diggs, 9 La. Ann. 422; Rawlins Duncan & Co. vs. Barham, 12 **La. Ann. 630.** In this case there is no renunciation by the sureties of the benefit of division nor is there any issue of the insolvency of any of them. The right of division is wholly distinct from the exception of discussion to which reference is made

in plaintiff's argument. To preserve the benefit of division, it suffices in our opinion, that on being sued the sureties demand that division. To exact more, is to go beyond the requirements of the code. We find in each of the answers of the defendants the demand that the plaintiff be restricted in his recovery to the virile share of the defendants. In the case from the 4th Annual we cite, the suit was on a promissory note against two parties deemed to be irregular endorsers and hence sureties. The court in that case epitomized the law thus: 'Sureties for the same debt are liable in solido, but that solidarity ceases when, being sued, the sureties claimed the division of the debt. It was solidarity tempered with this right of division'."

"The right was in faeultate, as the court expressed it, and was to be allowed whenever the sureties chose to claim it. In that case the sureties made no such demand except in argument and, as a consequence, lost the right. Here the division is claimed and under the imperative requirement of the law must be allowed." See also Parker & Co. vs. Guillot, 118 La. 223, 42 South. 782; Holmes & Savanwick vs. Steamer Belle Air and Owners, 5 La. Ann. 523.

The judgment in solido against the six defendants was therefore reversed and avoided, and defendants were condemned to pay each one-sixth of the amount of the note.

But in the case under consideration, as we have seen, the defendant Schwartz merely "denied all and singular the allegations of the petition", and the defendant, Marx, denied "all and singular the allegations in said petition contained", denied that he had made himself liable in solido upon any obligation to be performed by Major, but did not demand the benefit of division.

According to the decisions just quoted he cannot demand it in argument only. 21 Baudry-Lac. 516, 1063.

The necessity of this plea in answer or exception is made evident when it is considered that the plaintiff may then defeat it by proving the insolvency of any of the other sureties, C. C. 3049; which he could not do if the defense could be asserted in argument only. Parker vs. Scogin, 12 La. Ann. 629; Gordon vs. Succession of Diggs & Sykes, 9 La. Ann. 422; McCausland vs. Lyons, 4 La. Ann. 273.

The question of the solvency of any one of the sureties does not arise here, as the failure of either one of them to demand a division fixes the liability of each as a solidary debtor irrespective of the solvency of the other.

Considering therefore that the defendant and only appellant, Marx, has not pleaded, by answer or exception, the benefit of division, we must hold him liable in solido.

It is therefore ordered that the judgment be affirmed.