289 So.2d 859 (1974)
John P. BARNES
v.
PARK PLACE HOMES, INC., et al.
No. 6028.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1974.
*860 Oscar J. McMillan, Jr., and Leonard M. King, Jr., New Orleans, for plaintiff-appellant.
Morrison & Keenan, James J. Morrison, Jr., New Orleans, for Murray P. Holmes, Sr., and M. Paul Holmes, Jr., defendants-appellees.
Before STOULIG and BOUTALL, JJ., and MARCEL, J. Pro Tem.
STOULIG, Judge.
Plaintiff, John P. Barnes, the holder of a negotiable instrument, has appealed a summary judgment releasing three indorsers from liability on a finding plaintiff failed to timely present the note for payment and notify the indorsers of its dishonor. Plaintiff filed suit against the maker, Park Place Homes, Inc., and three of its officers who had signed individually as indorsers. Both plaintiff and the individual defendants have filed motions for summary judgment; and from a review of the pleadings, the exhibits, and affidavits filed in support of these motions, it is apparent there is no genuine issue of any material fact.
Plaintiff is the holder of a promissory note for the principal sum of $34,400, payable to bearer, and secured by a mortgage on property valued at less than the principal of the note. Said instrument is payable "on or before Jan. 1, 1973 * * *" and does not contain a waiver of the requirements of presentment or notice of dishonor. On December 7, 1972, in a letter addressed to Park Place Homes, Inc., plaintiff stated he contemplated resorting *861 to legal action if said note was not paid on its due date of January 1, 1973. Facsimile copies of this letter were mailed to each individual indorser. However, the note was presented for payment on March 20, 1973, and notice of its dishonor was not mailed to each individual defendant until March 29, 1973.
As a general rule, the indorser of a promissory note is discharged from liability if the holder fails to timely present the note for payment or to timely notify the indorsers of its dishonor. LSA-R.S. 7:70 and 7:89. Under R.S. 7:82 and 7:109 the requirements of presentment and notice of dishonor may be waived. No such waiver is contained in the instrument before us nor is it urged that the indorsers impliedly waived these requirements.
While plaintiff did ultimately present the bearer paper for payment and subsequently notify the indorsers of its dishonor, these actions were not taken timely. Under R.S. 7:71 this note should have been presented for payment on its due date (January 1, 1973) and the indorsers notified of its dishonor the following day (R. S. 7:103).[1]
It is plaintiff's contention the summarized requirements of presentment for payment and notice of dishonor do not apply to his indorsers because (1) they are in the nature of sureties primarily liable rather than secondarily liable as ordinary indorsers; and/or (2) they are "accommodation indorsers" as defined by R.S. 7:115, and, as such, not entitled to notice of dishonor as a prerequisite to liability.
To support its first position, plaintiff cites Louisiana decisions that either antedate enactment of the Uniform Negotiable Instruments Law of this state or do not consider the applicability of its provisions. Collins v. Trist, 20 La.Ann. 348 (1868); Rogers & Woodall v. Gibbs, 24 La.Ann. 467 (1872); and John M. Parker & Co. v. Guillot, 118 La. 223, 42 So. 782 (1907). We think these cases are inapposite because the defendants' liability in the matter before us, if any, is regulated by R.S. 7:1 et seq. (Negotiable Instrument Law). We find no provision in this statute, nor has any jurisprudence been cited to us which would render these indorsers liable as sureties.
This brings us to the second contention that the general rules of presentment for payment and notice of dishonor do not apply, because defendants are indorsers, and not entitled to notice of dishonor under R. S. 7:115, which reads:
"Notice of dishonor is not required to be given to an indorser in * * * the following cases:
* * * * * *
(3) Where the instrument was made or accepted for his accommodation."
Plaintiff would have us interpret this to mean the individual defendants, as accommodation indorsers, need not be notified. But this is not the import of the quoted provision. In Nolan v. Brown, 152 La. 333, 93 So. 113 (1922), the Supreme Court construed an accommodated indorser within the provision of R.S. 7:115(3) as one who, though appearing nominally as an indorser, received the remuneration or pecuniary benefit resulting from the signing of the note and who is in fact primarily liable for its payment. He is being accommodated by the party who signs the instrument as an accommodation maker for the benefit of the accommodated indorser. The Court pointed out R.S. 7:115 dispensed with the requirement to give notice of dishonor under these circumstances because the debtor (accommodated indorser) is obviously aware of his own failure to pay.
In the instant case, the maker was the corporation to whom the consideration *862 flowed at the signing. The indorsement of the individual defendants did not bring them remuneration; therefore we find they are accommodation indorsers within the contemplation of R.S. 7:29, and as such, entitled to notice of the dishonor of the instrument (R.S. 7:89) as prescribed by R.S. 7:103 et seq. Their liability is secondary to that of the maker.
Had these individual defendants received the consideration for the note and executed the instrument in the capacity of indorsers, they would have been accommodated indorsers under R.S. 7:115(3) and not entitled to notice of dishonor.
We conclude the general rules concerning presentment for payment and notice of dishonor do apply; therefore, plaintiff, having failed to satisfy these requirements, forfeited any right he had to proceed against the individual officers as indorsers.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
Affirmed.
NOTES
[1] The plaintiff's letter of December 7, 1972 cannot suffice as a presentment for payment because the note was not then due.