## No. 14,079

### MUTUAL NATIONAL BANK vs. P. J. COCO.

#### SYLLABUS

1.  Where a person who places his signature on a promissory note for the further security of the holder, whether he be considered a surety or co-maker, gives his written consent that the payment of the note be extended to a fixed date, but the extension is not granted by the holder, such consent, regarded as an acknowledgment, has no other date than that which it bears, and the prescription applicable to promissory notes begins to run in his favor from that date, and not·from the date to which the consent refers.
2.  The mere fact that the holder of a note has failed to sue on it will not justify the inference that he consented to extend the time of payment, in the face of positive testimony to the contrary.

IN RE Mutual National Bank, applying for *certiorari*, or writ of review, to the Court of Appeal, Third Circuit, State of Louisiana.

*Richardson & Soulé,* and *William H. Peterman,* for Plaintiff, Applicant.

· *Adolph Vallery Coco,* for Defendant, Respondent.

The opinion of the Court was delivered by

MONROE, J. This is an application for the review of a judgment, rendered by the Court of Appeal for the Third Circuit, in the following case:

· In October, 1899, the receiver of the plaintiff bank filed suit in the District Court for the Parish of Avoyelles against Paulin J. Coco as "indorser and surety" on two promissory notes, of $341.55 each, made by C. M. Coco, February 10, 1892, payable in one and two years, respectively, to the order of the maker, and by her indorsed, and bearing the signature of the defendant, written above said indorsement. The defendant filed a plea of prescription of five years, which was overruled; he then answered, alleging that he signed the notes as surety, to the knowledge of the plaintiff, and that he received no benefit therefrom; that by the laches of the plaintiff, the notes had been allowed to become prescribed as to the maker and that he was therefore released. Upon the trial in the District Court the notes were offered in evidence, and it was shown that they were protested at

maturity. There was also offered an instrument in writing, signed by the defendant and shown to have been delivered to the plaintiff, which reads as follows:

"Marksville, La., Feby. 27, 1894.

"I hereby consent that the Mutual National Bank of New Orleans, La., give an extension until Febry., 1895, to Mrs. C. M. Coco for the payment of two notes, executed by her in favor of said bank and indorsed by me, dated the 16th day of February, 1892, and made payable one and two years after their date respectively."

(Signed) "P. J. Coco."

Beyond this, the only evidence in the case is that of the counsel for the defendant, from which it appears that the defendant and C. M. Coco had been engaged in business as commercial partners, but that, several years before the notes sued on were made, the defendant had withdrawn and C. M. Coco had retained the assets and assumed the debts of the firm; that in 1893, C. M. Coco had made a settlement with her creditors, paying one-third cash and, for the balance, giving notes, signed by herself, as maker, and by the defendant as surety, and that the notes sued on were among those so given. It seems reasonably certain that the debt represented by the notes was one which had been contracted by the firm before the defendant withdrew, but, whether he was still bound for it when the notes were given is not so clear. In fact, it would appear from the testimony that such was not the case. However that may be, he agreed to sign the notes, and did sign them, for the better security of the party to whom they were given, and, thereafter, as we have seen, he gave a written consent that the date of their payment should be extended to February, 1895. But the only testimony which we have upon the subject is direct and explicit to the effect that, notwithstanding the consent so given, the extension was not granted; the most that is claimed, in rebuttal of this testimony being that, as the bank did not bring suit prior to 1895, it must be inferred that the extension was granted. Such an inference would hardly be justified if there was no evidence beyond that showing the consent of the surety, as it by no means follows that the holder of a note will consent to extend the time of payment because the surety is willing that it shall be done.

Where, however, as in this case, there is affirmative testimony to the effect that "no extension of time was ever obtained," there is still less room for inference.

Under these circumstances, it is clear that the agreement of the defendant, considered as an acknowledgment, has no other date than that which it bears, and that, whether he be regarded as a surety, or co-maker, the prescription of five years, applicable to promissory notes, began to run in his favor from that date. And, as the five years had elapsed, without any further interruption, before this suit was filed, it follows that the claim sued on is barred. C. C. 3540, 3520; Betz vs. Coleman, 23 Ann. 785.

We find it unnecessary to consider the further question which are discussed in the briefs filed. The trial judge held that the plaintiff was not entitled to recover, and his ruling was affirmed on appeal; we have reached the same conclusion, and the judgment which we have been called upon to review will remain undisturbed.

It is therefore ordered, adjudged and decreed that this proceeding be dismissed at the cost of the applicant.