This action originally was a suit in which plaintiff sought judgment against defendant for payment of disability benefits under certain policies of insurance issued by the defendant insurer to plaintiff, the insured. Judgment was rendered in favor of plaintiff, and, under the terms of said judgment, defendant paid monthly disability benefits under one policy and annual benefits under another through and including December 2, 1944, after which time it discontinued payments of disability benefits and required resumption of premium payments by the insured.
Some months after discontinuance of payments, plaintiff brought this action in which he sought the issuance of a rule declaring the judgment referred to executory. Without objecting to the summary form of the proceeding, defendant answered plaintiff's petition, and, after trial, there was judgment rejecting plaintiff's demands, and, further, declaring that plaintiff, since December 2, 1944, had not been entitled to disability payments or waiver of premiums. It is from this judgment that plaintiff prosecutes this appeal.
The principal argument advanced on behalf of plaintiff in support of this appeal is predicated upon the claim that the judgment first rendered in this suit on March 28, 1942, was a final judgment, and, consequently, executory, no appeal having been taken therefrom. The provisions of Article 556 of the Code of Practice, with reference to the manner in which definitive judgments may be revised, modified or set aside, are quoted by counsel for plaintiff, and it is urged that, since defendant has not proceeded by one of the methods set forth, as a consequence, it is shut off from any right to relief from the decree of the original judgment.
Much of the argument of counsel for both plaintiff and defendant, oral and in briefs, has been devoted to a discussion of the effect of the original judgment, defendant contending that the judgment ordering payment of future installments was simply declaratory in nature, and plaintiff advancing the points above noted.
[1, 2] Whatever may have been the nature and the effect of the original judgment, we are of the opinion that plaintiff is without right to raise these issues, since he chose to proceed by summary process for the express purpose of having the original judgment "made executory" by a judgment in the summary proceeding. If, as he now claims, the original judgment was final, definitive in its terms and susceptible of execution, there was no need for this character of proceeding. The mode of execution of judgments is provided by Article 641 of the Code of Practice, which article is cited in brief of plaintiff's counsel, but there is no evidence in the record showing that plaintiff attempted to proceed by application to the clerk for a writ of fi. fa. against the debtor, mention of this attempt appearing only in brief and argument of counsel. Since Courts of Appeal are bound by the record, we are without *Page 96 
authority to consider any matter dehors the record.
Regardless of the reason which indicated or prompted the proceeding adopted by plaintiff, he cannot now, on appeal, attack the pronouncement of the Court which was made at his instance and in response to his application.
[3] True, plaintiff claims that the judgment is not responsive, but in our opinion this argument is not consistent with the facts disclosed by the record. Plaintiff prayed, in the summary proceeding, for judgment making the original judgment executory, and, certainly, when the Court determined the matter by refusing to make the judgment executory, it was not only proper but essential that the reason be set forth, namely, that plaintiff was not and had not been entitled to disability payments, nor to waiver of premiums since date of December 2, 1944.
[4] Plaintiff further complains that he was not prepared to meet the issue involving determination of his physical condition in this proceeding, but we find no reasonable basis for his lack of readiness on this point. Certainly, he cannot plead surprise at the fact that defendant set up the termination of plaintiff's disability as the reason for discontinuance of payment of disability benefits, for, in our opinion, this could have been the only justification of defendant's action.
[5] On trial of the case the deposition of E.L. Clerc, Chief of Industrial Relations, New Orleans Division, of the Consolidated Vultee Aircraft Corporation, was offered and admitted in evidence, and in connection therewith certain exhibits annexed to the deposition, consisting of original records of the Vultee Corporation, were offered, which offering was objected to by counsel of plaintiff on the ground that the same were immaterial and irrelevant and could not be admitted for the purpose of attacking the judgment already rendered, this objection being reurged on appeal. The objection was overruled and the offering admitted, and we think properly so. No objection was made to the deposition and there is nothing in the exhibits offered which is foreign to the matters comprehended in the deposition of the witness, but, rather, they are necessary and essential exhibits in connection with his testimony.
[6] The only question that remains for disposition by this Court is one of fact bearing upon the disability vel non of plaintiff. We have carefully examined the very brief record upon which the learned Judge of the district Court based his conclusion, and we find no error in his holding that plaintiff's disability had ceased. There is abundant evidence in the record justifying this holding, particularly evidence of statements made by plaintiff himself to the effect that he no longer suffered from any disability, the conditions which had caused same having been corrected.
We find no error in the judgment appealed from. The nature of the proceeding having been selected and initiated by plaintiff, he cannot now be heard to complain with reference thereto, and the facts adduced conclusively supporting the finding of the trial Court.
There is before this Court a motion to remand, which has been filed on behalf of plaintiff, and which sets forth a number of grounds in support of his prayer that the cause be remanded for the purpose of receiving additional evidence. Careful examination convinces us that plaintiff has failed to advance any reason of sufficient merit to justify remanding this cause for a new trial upon the issues raised.
It is noted that the judgment rendered on date of September 29, 1945, declared that plaintiff had not been entitled to disability payments or waiver of premiums since December 2, 1944, but there is nothing in the judgment Which would foreclose plaintiff from attempting to show, through a new proceeding, the recurrence of disabilities under the terms of the policy, and, for this additional reason, we find nothing in the judgment which is prejudicial to whatever rights plaintiff may assert in future.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost. *Page 97