HARDY, Judge.
This is a suit in which plaintiff seeks, under the provisions of Article 607 of the Code of Practice, to annul a judgment of September 29,1945, No. 82,207 on the docket of the First District Court of Caddo Parish, Louisiana, entitled Robert L. Richmond v. New York Life Insurance Company, which judgment in favor of defendant was affirmed by this Court on appeal, La.App., 25 So.2d 94, 96.
In this action defendant filed an exception of no cause of action which was sustained, and there was judgment dismissing plaintiff’s suit, from which judgment plaintiff has appealed.
The record in the original suit was made part of an amended petition filed by plaintiff.
Numerous grounds are alleged and strenuously urged on behalf of plaintiff in support of his contention as to the nullity of the judgment, among which are collusion and connivance between one of the witnesses and the defendant, alleged to have been intended to defraud plaintiff of his rights; perjury on the part of the witness in question, in the making of false and untrue answers to certain interrogatories; attempts on the part of defendant to deceive the Court in the effort to defeat plaintiff’s claims, and numerous other reprehensible actions of lesser magnitude and degree.
It appears to us on the face of the pleadings that plaintiff’s petition in this matter is more in the nature of an application for new trial or rehearing than a new and independent action, and, accordingly, there is serious question in our minds as to the propriety of the procedure employed. Be this as it may, we think the matter may be disposed of on other grounds, which are hereinafter set forth.
We observe the allegation in plaintiff’s petition “that the decision of the Court was influenced, and based solely and wholly on the answers to the interrogatories * * * ”, which were propounded to the witness whose deposition is so viciously attacked. Reference to the record of the original suit and to our opinion on appeal discloses that this allegation is in error. In our opinion in Richmond v. New York Life Insurance Company, supra, we made the following definite statement: “We have carefully examined the very brief record upon which the learned Judge of the district Court based his conclusion, and we find no error in his holding that plaintiff’s disability had ceased. There is abundant evidence in the record justifying this holding, particularly evidence of statements made by plaintiff himself to the effect that he no longer suffered from any disability, the conditions which had caused same having been corrected.” (Emphasis ours.)
Reference to the record of the original suit only serves to confirm the finding which we above expressed. It is therefore obvious that the charges of fraud, collusion, bad faith, etc., and the claims of irregularity in the taking of the deposition are immaterial and without bearing upon the merits.
 It is true that the statements of plaintiff as to his recovery from his disability were made in certain letters subscribed by plaintiff and directed by him to his prospective employer, which were attached to the deposition in question. Plaintiff attacks the admission and consideration of these documents, many of them in his own handwriting, on the ground that they were procured by the defendant through a breach of trust on the part of the agents of his employer, and that they are privileged communications. With this contention we cannot agree, nor can we find any authority upon which such an argument might be logically predicated, and, indeed, plaintiff has suggested no authority which *113 would sustain such a position. To our knowledge there is no privilege nor trust relationship between employer and employee which would prevent or prohibit the furnishing of voluntary statements in writing made by an employee or an applicant for employment.
In view of the fact that even the proof of plaintiff’s charges would not serve to change the conclusion heretofore reached, we perceive no purpose in burdening this opinion with a detailed discussion thereof. However, we observe, in passing, as a practical proposition, that there would be no end to litigation if a litigant were permitted to reopen a case after a lapse of years on grounds which were available and which could and should have been produced on original hearing.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.