GLADNEY, Judge.
M. Levy Company, plaintiff herein, seeks to recover for a pecuniary loss allegedly sustained by reason of water dam-' age to merchandise caused by fault of the defendant’s insured. Made defendant is the Continental Casualty Company, the insurer of Frees, Inc. The case was tried on its merits and resulted in a judgment rejecting plaintiff’s demands, from which decree an appeal was taken to this court.
Plaintiff conducts in Shreveport, Louisiana, a large store for the sale -at retail of men’s and women’s clothes. In connection with this business it maintains a room where it stores large quantities of stock to be used in replenishing sold merchandise. On December 5, 1956, while some employees of Frees, Inc. were engaged in the repair of a water pipe used in supplying the air conditioning system servicing plaintiff’s store, a considerable quantity of water was discharged into the stock room and wet some of the stock therein stored. The affected merchandise was separated and determined by plaintiff and its own insurer to consist of 816 men’s white dress shirts. A claim was made against the insurer. A settlement was reached within a few weeks which determined the entire 816 shirts were damaged; that the cost of said shirts, including ten per. cent added for handling charges and five per cent added for freight charges, amounted to $2,475.37; and that the damaged shirts had a salvage value of $825.12. Thus, plaintiff’s loss as agreed upon with its own insurer was recognized to be $1,650.25. This amount is the exact sum claimed by plaintiff in the instant suit.
*768 The defendant has outlined its defense by filing an answer in the nature of a general denial. Trial was had and the case was submitted to the trial court for decision on April 16', 1958. In an oral opinion, judgment was rendered in favor of plaintiff in the amount of $825.13. Applications for a rehearing were then filed on behalf of both parties and granted by the court. In addition to its application for rehearing, counsel for appellant filed on May 16, 1958, a motion to reopen, and a supplemental and amended petition. The court on May 28th for reasons orally assigned, disallowed the supplemental and amended petition, overruled the motion to reopen, recalled the judgment previously rendered and then rendered judgment in favor of defendant, rejecting the demands of plaintiff at its cost. This judgment was signed on June 4, 1958, and is the decree from which plaintiff has appealed.
In briefs filed before this court, counsel have restricted the issues to the question of whether plaintiff made sufficient proof as to the damage allegedly sustained and its pecuniary loss therefrom, and as to whether the trial judge abused his discretionary power in disallowing plaintiff’s supplemental and amended petition and overruling its motion to reopen the case.
A review of the record discloses the weakness of evidence tendered as proof of plaintiff’s claim. Just prior to the date fixed for trial, the defendant sought by a writ of subpoena duces tecum to require plaintiff to produce certain data which it considered material for the purpose of proving or disproving the cost of the merchandise and the amount realized from the sale thereof. In response to the writ, plaintiff averred that it was unable to produce any inventories which would indicate the number of shirts in stock at that time; that no stock records were kept; that no sales slips were kept on any particular merchandise sold, and that no accounting records were kept showing which particular piece of merchandise was sold. Plaintiff furnished photostats of invoices relating to the acquisition of the shirts involved. The testimony adduced as to the number of shirts which were actually damaged was not entirely satisfactory forasmuch as two witnesses testified that in their opinions not more than ten per cent of the 816 shirts were damaged. However, for reasons hereinafter indicated, it is unnecessary to determine whether or not all of the 816 shirts were damaged to the extent they could not be classified as new shirts. For proof of the salvage value plaintiff relied upon the amount determined in settlement with its own insurance company which was arbitrarily fixed at one-third of the cost of the merchandise. This figure was apparently arrived at by the insurance company through its experience in other settlements. Plaintiff disposed of the 816 shirts, or at least a substantial portion thereof, at a sale conducted in its premises. Upon trial plaintiff’s witnesses testified that they did not know whether or not all of the allegedly damaged shirts had been sold and no witness stated the amount received from the sale of the damaged shirts. On this score, we note counsel for the defendant earnestly contends the testimony shows conclusively that M. Levy Company, Inc. got back more from the sale of these shirts than it had paid for them. Our attention is directed to the testimony of Mr. Adler, an employee of and witness for plaintiff, in connection with 508 “special order” shirts which plaintiff alleged were damaged. This ■ witness testified that these shirts cost the plaintiff $30.50 per dozen, or approximately $2.54 each, and were first put on sale at a reduced price of $3.95 each. The sales were made not as special sales but in accordance with the customary procedure, which appears to involve first a mark-up in price of the merchandise to be offered, a “sale” reduction first of j4th, then of i/jrd and then of 1/2 of the marked up retail price.
The record is indeed convincing that proof was not made with any degree of certainty as to the amount received by plaintiff from the sale of the damaged shirts. Without this information there is *769 no satisfactory way of arriving at the liability of the defendant. The omission of plaintiff to keep separate records from the sale of these shirts prevents it from showing the actual pecuniary loss sustained by it.
Counsel for plaintiff sought to convince the trial court that it should accept as proof the salvage value of one-third of the cost of the shirts as agreed to by its insurer. In Royal Insurance Company, Ltd. v. Romain Motor Company, Inc., 1929, 10 La.App. 1, 120 So. 261, 262, the court rejected similar evidence and pointed out the mere fact an insurance company sees fit, in'adjusting a loss with its assured, to agree with him on an arbitrary amount, not based on actual proof, does not render the party responsible for the loss liable for that amount, or, in fact, for any amount not actually proven. Likewise, this court in Ayres v. Wyatt, La.App.1938, 185 So. 84, 86, in referring to a transaction between the insured and insurer which terminated in a settlement between them, said:
“Whether the amount of such a settlement be great or small does not to any extent modify or affect the liability of the tort feasor.”
See also Dupuy v. Graeme Spring & Brake Service, Inc., La.App.1944, 19 So.2d 657, 659. The foregoing authorities stand for the proposition that the only probative evidence which should be considered by the court in measuring the liability of a tort feasor, is the actual loss sustained by the injured party.
The issue heretofore discussed is strictly of a factual nature and forms the basis upon which the trial judge rendered his opinion. It is too well settled in our jurisprudence to require citation of authority to the effect that judgments based upon facts will not be disturbed upon appeal unless clearly erroneous. It is our opinion the findings by the trial judge on the issues of fact presented are free from error.
Counsel for appellant makes the further contention the trial court abused its discretion, first, in refusing permission to the plaintiff to file a supplemental and amended petition after the case had been tried and submitted to the court for decision ; and second, in overruling its motion to reopen, filed on the same date as the supplemental and amended petition. We think the argument is without merit.
A trial court has the discretionary power of permitting plaintiff to file amended pleadings after issue is joined if the amendment does not alter the substance of the demand, and a defendant has the right to amend its answer subject to the same rules. Code of Practice arts. 419, 420. In interpreting and applying these codal articles, the courts have generally held that where the filing thereof will result in the promotion of justice, amendments to pleadings should always be allowed if they neither change the issues nor cause delay. However, a trial judge does not abuse his discretionary power in refusing to allow the filing of supplemental pleadings after the case has been tried and submitted. See Lobell, for Use and Benefit of Hardware Mut. Cas. Co. v. Neal, La.App. 1950, 48 So.2d 797; Russell v. Vance, La. App.1956, 90 So.2d 553. The supplemental petition and motion to reopen tendered by plaintiff were filed for the purpose of securing an opportunity to show its loss of profits and to clarify testimony with reference to the damage sustained to the shirts. Had the court allowed both of these pleadings and reopened the case, it is our firm opinion plaintiff still would have no way of showing what sum was actually realized from the shirts it sold, and without such information, it cannot show it actually sustained a pecuniary loss. The refusal of the judge a quo to sustain counsel’s position was not erroneous.
It is the finding of this court that plaintiff failed to sustain the burden of proof resting upon it by producing competent evidence to disclose its pecuniary loss alleged *770 ly sustained by reason of the tortious acts of defendant’s insured, and further, it is our conclusion that the trial judge did not abuse his discretionary powers in disallowing the filing of the plaintiff’s supplemental and amended petition and in overruling the motion to reopen.
For the foregoing reasons, the judgment from which appealed is affirmed at appellant’s cost.