HARDY, Judge.
This suit involves a claim by plaintiff for the balance due on open account for merchandise sold to defendant. From a default judgment against defendant he has perfected this suspensive and devolutive appeal. Plaintiff has answered the appeal, asserting that the same was taken in bad faith and praying that it be awarded damages, to the extent of 10% of the judgment rendered, as a penalty for an allegedly frivolous appeal.
The only appearance in this court on behalf of defendant-appellant consists of a one-page brief signed by defendant, in pro-pria persona, in which he sums up the basis for his opposition to the judgment in these words:
“By filing suit against me after promising not to sue, and by having the Sheriff seize my property without giving me the time the law entitles me to have, Glazer has made it impossible for me to pay off this debt. For these reasons, the judgment against me in favor of Glazer should be cancelled and my indebtedness to Glazer should be declared extinguished.”
It is obvious that the asserted promise not to sue is completely de hors the record before us and clearly constituted a matter of defense which was within the power of defendant to assert by answer to plaintiff’s demand. His failure to make such defense, properly and timely, removes it from entitlement to consideration by this court. An appellate court has no authority to consider defenses or evidence which do not constitute a part of the record transmitted on appeal; Richmond v. New York Life Ins. Co., La.App., 25 So.2d 94 (writs denied); Jackson v. Gordon et el., La.App., 186 So. 399. Nor does the allegedly illegal seizure have any bearing or effect upon the judgment under examination on this appeal.
The authority of a court to award damages for a frivolous appeal is now contained in Article 2164 of the LSA-Code *228 of Civil Procedure and the sources of this authority to which reference is made include Article 907 of the Code of Practice, which provided that a court may condemn an appellant to pay damages not exceeding 10% on the value of the amount in dispute, if the same be claimed by appellee in answer to the appeal. Such damages have been allowed in instances where the defenses urged have been construed as unreasonable or where the appeal appears to have been taken solely for the purpose of delay; Dwyer Lumber Co. v. Murphy Lumber Co., Inc., La.App., 116 So.2d 64; and the numerous authorities therein cited.
Under the circumstances we think plaintiff is entitled to the damages claimed.
For the reasons assigned the judgment appealed from is affirmed and
It is further ordered, adjudged and decreed that damages to the extent of 10% of the amount of the judgment are allowed in favor of plaintiff-appellee, all at the cost of defendant-appellant.