HARDY, Judge.
Plaintiff, alleging itself to be the holder in due course of a certain check made and executed by the defendant in the sum of $655.53 and upon which instrument the drawee bank was ordered to stop payment by defendant, brought this suit to collect the amount represented by the said check. From judgment in favor of plaintiff, as prayed, the defendant has appealed. Plaintiff has answered the appeal, praying for an award of damages upon the ground that defendant’s appeal is frivolous and without merit.
There is no dispute as to any material fact involved. On April 13, 1961, the defendant, through its President, entered into an agreement with one George O. Dixon for the repair of certain machinery in defendant’s plant. Dixon purported to be a representative of and acting for an enterprise identified only as Texas Equipment Service. On April 14th, after completion of the work which was performed by Dixon and a helper, defendant issued its check in the sum of $655.53, payable to the order of Texas Equipment Service, 846 Hoffman Street, Houston, Texas, drawn on Pioneer Bank & Trust Company of Shreveport. The amount of the check represented the itemized cost of materials and labor for the work performed, as evidenced by an invoice of Texas Equipment Service. Dixon attempted to cash the check the same day by making presentation to the drawee bank, which, however, was not convinced of his identification and right to endorse said check. One of the officers of the bank called defendant to make inquiry on these points and was informed by defendant's president not to cash the check in the absence of proper credentials. Thereafter, Dixon entered into negotiations with plaintiff for the purchase of a second-hand automobile and tendered defendant’s check in payment therefor. Plaintiff’s secretary-treasurer questioned Dixon’s authority to endorse the check on behalf of Texas Equipment Service, whereupon Dixon presented him with a letterhead giving a Houston, Texas, address and telephone number, suggesting that a telephone call would ascertain his» authority. Plaintiff’s official placed a collect call, which was accepted by a woman identifying herself as Mrs. Priscilla Thorndyke, who was asked if she knew George O. Dixon and whether he had authority to endorse a check payable to Texas Equipment Service. Mrs. Thorn-dyke answered both questions in the affirmative and stated with reference to Dixon: “He is Texas Equipment Service.” After receiving this assurance plaintiff’s officer typed the endorsement “Texas Equipment Service by”, on the back of the check, which endorsement was completed by the signature of George O. Dixon, and accepted the check. For the difference between the price of the *73 car and the amount of the check plaintiff gave Dixon some cash and its own check in the sum of $400.00, which instrument was cashed upon the endorsement of Dixon and another party. Sometime during the day of April 14, 1961, defendant discovered that the work performed by Dixon was completely unsatisfactory, whereupon it instructed the Pioneer Bank to stop payment on the check which is the subject of this litigation. In accordance with this instruction, the bank refused payment when it was presented through banking channels for credit to plaintiff.
While admitting the plaintiff to be a holder in due course and that defendant, as maker of the check, acknowledged the existence of the payee, the defendant bases its defense upon the lack of authority of George O. Dixon to endorse the instrument for and in the name of Texas Equipment Service.
The defense is delineated in brief of counsel for defendant as follows:
“We are not contending that the plaintiff did not secure the check prior to maturity. We are not contending that he did not pay value. We are merely contending that the instrument has never been negotiated to the plaintiff since it was delivered to him without the endorsement of the payee for the very simple reason that apparently there is no such payee.”
While counsel for defendant strenuously urges that the payee was not fictitious, nevertheless, he attempts to escape the effect of LSA-R.S. 7:61 by denying the existence of the named payee, and, consequently, the right of any party to endorse on its behalf.
The statute above referred to — which is a part of the Negotiable Instrument Law— reads in part as follows:
“The drawer by drawing the instrument admits the existence of the payee and his then capacity to indorse; *
The defense of lack of authority on the part of Dixon to endorse the instrument is affirmative in nature and the burden for its establishment rests upon the defendant. The record before us completely fails to justify the conclusion of want of authority. It is true that the record contains evidence that there is no such Texas corporation as “Texas Equipment Service,” nor is there any record in the archives of Houston, county seat of Harris County, that “Texas Equipment Service” was registered as an assumed name corporation. However, this showing falls far short of establishing the lack of existence of “Texas Equipment Service,” and, more than this, it is completely unconvincing as proof of the lack of authority of Dixon to make the endorsement which is here in question and constitutes the sole defense to plaintiff’s action.
Under our conclusion that the defense has failed for lack of proof, we deem it unnecessary to enter into an involved discussion of the authorities cited by counsel for defendant, which, after examination, we consider to be irrelevant and inappropriate.
A serious question is tendered by plaintiff’s claim for damages on the asserted ground of frivolous appeal. After thorough consideration, we have concluded that the instant case does not indicate that type of flagrant abuse of the right of appeal which was evident in the cases of F.A.B. Distributing Co. v. Marullo, La.App., 138 So.2d 656 (4th Circuit, 1962); Glazer Wholesale Drug Co. v. Tabor, La.App., 128 So.2d 226 (2nd Circuit, 1961) ; and others of a similar nature.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.