406 So.2d 673 (1981)
FIRST NATIONAL BANK, Plaintiff-Appellee,
v.
Gary HIGGS and Doris Higgs, Defendants-Appellants.
No. 14680.
Court of Appeal of Louisiana, Second Circuit.
November 2, 1981.
Rehearing Denied December 10, 1981.
*674 Albert W. Block, Jr., Monroe, for plaintiff-appellee.
Sanders & Castete, Ltd. by Martin S. Sanders, Jr., Simmons & Derr by Kermit M. Simmons, Winnfield, for defendants-appellants.
Before PRICE, JASPER E. JONES and FRED W. JONES, Jr., JJ.
En Banc. Rehearing Denied December 10, 1981.
JASPER E. JONES, Judge.
This is a suit on a note. Plaintiff, First National Bank, also sought recognition of the mortgage securing that note. After a trial on the merits the district judge rendered judgment in First National's favor for the amount due on the note, interest, *675 attorney's fees and recognizing the mortgage. The defendants, Gary E. Higgs and Doris Higgs, took this appeal. First National did not appeal nor answer the appeal.
The roots of this controversy begin with the defendants' 1971 purchase of a "Buddy" mobile home from Brewton Mobile Home Sales in Winnfield, Louisiana. The defendants gave for the credit portion of the purchase price a note secured by a mortgage on the mobile home. Brewton then sold the note to First National.
The note was to be paid in 120 monthly installments. The defendants had a history of not making payments on or before due date. The payments were frequently made late. When the defendants missed the payments due in December, 1979, January and February, 1980, First National exercised the acceleration clause of the note.
The defendants attempted to make a payment in March, 1980 but it was returned with a letter demanding full payment. A second payment was sent in March, 1980, and was accepted. A payment sent in April, after this suit was filed but before service, was accepted.
At trial the defendants attempted to show that they were not in arrears. The trial judge concluded that even if credit for the attempted payment was considered, there was still one payment overdue and therefore rendered judgment for plaintiff.
On appeal the defendants make several assignments of error. First, that it was error to conclude that there was one payment in arrears at the time the suit was filed after credit was allowed for the attempted payment. Second, that it was error to refuse to accept the defense of forebearance. Third, that it was error to supplement the description of the mobile home which appeared in the mortgage. Fourth, that it was error to refuse to allow the filing of amending pleadings after the trial.
We begin by considering the assignment of error of the finding that at least one payment was in arrears at the time suit was filed. This is a finding of fact and, therefore, we may not disturb it in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We conclude that this finding was strongly supported by the evidence and was not erroneous.
The record shows that this suit was filed on March 28, 1980. At that time the payments which had fallen due on February 20 and March 20 were unpaid. Only one payment had been returned. Thus, even if the returned payment was considered credited to the February payment, on March 28 the defendants were one payment, the one due on March 20, in arrears. This assignment is without merit.
The second assignment goes to the failure of the trial judge to accept the defense of forebearance.[1] This defense was pleaded in defendants'"Second Amending Answer and Reconventional Demand and Counterclaim" filed May 20, 1980, some ten days after the case was tried.
The list of affirmative defenses in LSA-C.C.P. art. 1005[2] is illustrative, not *676 exclusive. An affirmative defense is one which will have the effect of defeating the suit on its merits. Langhans v. Hale, 345 So.2d 1226 (La.App. 1st Cir. 1977); Trahan v. Ritterman, 368 So.2d 181 (La.App. 1st Cir. 1979). Affirmative defenses must be specially pleaded. LSA-C.C.P. art. 1005. The party relying on an affirmative defense bears the burden of proving it. Ray v. Martin, 117 So.2d 839 (La.App.Orl.1960).
This court has held a promise not to sue is an affirmative defense that must be specially pleaded. Glazer Wholesale Drug Company v. Tabor, 128 So.2d 226 (La. App.2d Cir. 1961). Forebearance is nothing more than a tacit promise not to sue or estoppel to sue and must be regarded as an affirmative defense. Glazer, supra; C.C.P. art. 1005. Therefore, the defendants had to specially plead forebearance to raise it.
The defense of forebearance was not urged until after trial. Whether or not to allow the amendment of pleadings after the trial is left to the discretion of the trial judge. LSA-C.C.P. art. 1151.[3]Faslund v. Kendrick, 169 So.2d 276 (La.App. 1st Cir. 1964); M. Levy Co. of Shreveport v. Continental Cas. Co., 106 So.2d 766 (La.App.2d Cir. 1958). Here there was no abuse of discretion by the trial judge in refusing to allow the amendment. Defendants had known of the facts on which this defense was based since the inception of the litigation but did not choose to raise it until after trial, when it should have been addressed in their answer before trial. This was nothing more than an attempt by unsuccessful defendants to get a second chance at litigating.
We also note that even if the slight evidence introduced at trial on the question of forebearance were considered to have amended the pleadings it would be insufficient to bear the burden imposed on defendants by Ray, supra. The entire record shows that, rather than silently tolerating defendants' tardy payments, the plaintiff repeatedly sent defendants various types of notices, demands and letters about their lateness. This assignment of error is without merit.
The third assignment of error relates to the differences between the description of the property in the mortgage and judgment. The judgment includes the brand name of the house trailer in question "Buddy Mobile Home." Defendants also complain that the judgment lists the serial number as "BL-5115F" rather than "BL-5115E" as in the mortgage.
We find no difference in the serial numbers between the mortgage and judgment. The "E" in the judgment simply did not print fully when typed.
Defendants complain that the addition of "Buddy Mobile Home" to the description was necessary to sufficiently describe the mobile home, that it was error to add that language, and that, therefore, the mortgage is invalid because it does not contain a sufficient description. We find that the description in the mortgage is sufficient and that if it was error to add the words "Buddy Mobile Home" it was a harmless error.
What is a sufficient description is determined in light of the circumstances of each case, including the nature, kind, character and quality of the property involved and how it will be used. Young v. Squeeze Tools, Inc., 350 So.2d 967 (La.App. *677 2d Cir. 1977); All State Credit Plan Houma, Inc. v. Fournier, 175 So.2d 707 (La.App. 1st Cir. 1965). Property subject to a chattel mortgage need not be so described as to enable identification from the description alone, but only such as to enable third persons, aided by inquiry which the instrument suggests, to identify the property. Smith v. Bratsos, 202 La. 493, 12 So.2d 245 (1942); Matthews v. Couie, 35 So.2d 794 (La. App. 2d Cir. 1948); Harper v. Borden Company, 129 So.2d 330 (La. App.3d Cir. 1961).
The description of the vehicle in the mortgage gives its model year, serial number and lists that it has three bedrooms and one and one-half baths. That an object is a vehicle, has no motor, but does have bed and bath rooms, is sufficient to indicate that it is a mobile home. The natural inquiries which would follow from this information and the fact that the serial number is listed would easily allow one to identify the property subject to the mortgage.
Further, the defendants are not third persons. They were parties to the mortgage. Appellant Gary Higgs testified the mobile home owned by him was the one described in the mortgage and the one he intended mortgaged.
Our determination that the description is adequate is supported by Harper, supra. In Harper the mortgage of a trailer was held to be valid even though the description gave the wrong model year and did not include the serial or license number of the trailer. This assignment of error is without merit.
The defendants' final assignment of error also relates to his attempt to file a "Second Amending Answer and Reconventional Demand and Counterclaim" after the trial. In that pleading defendants assert certain truth in lending violations as a reconventional demand and alternatively as a defense.
Defendants contend that the amending pleading should have been allowed to conform the pleadings to the evidence under LSA-C.C.P. art. 1154.[4] We do not consider this procedural question because we find the truth in lending claim to be groundless on the merits.
Defendants complain of three violations of Federal Reserve Board Regulation Z, 12 CFR 226.1 et seq. The alleged violations are (1) that the creditor was not identified, (2) that it was not disclosed whether unearned finance charges would be rebated in event of acceleration, and (3) that proceeds were not disclosed.
The name of the creditor, Brewton Mobile Home Sales, and its business address appears clearly on the mortgage. This is all that is required by Regulation Z. Hagler v. Ford Motor Credit Co., 381 So.2d 80 (Ala. Civ.App.1980).
On the face of the mortgage in bold print appears the words "REBATE FOR PREPAYMENT IN FULL BASED ON RULE OF 78'S." This is sufficient disclosure under Regulation Z. Gantt v. Com. Loan Co., 573 F.2d 520 (8th Cir. Mo. 1978).
Finally, the face of the mortgage completely shows the total borrowed and how it was distributed to various expenses and items. We think this more than adequately discloses proceeds and no authority to the contrary was presented to this court by appellant.
The final assignment of error is without merit.
*678 The judgment appealed from is affirmed and all costs of this appeal are assessed against defendants-appellants.
AFFIRMED.
NOTES
[1] Forebearance is a circumstance which can give rise to estoppel. Forebearance exists when a creditor acquiesces in or tolerates substandard performance of an obligation by the debtor without exercising his rights to enforce the obligation, thereby implying that such conduct is sufficient.

When forebearance reaches the level of equitable estoppel the creditor will be barred from suddenly demanding strict performance in order to avoid injustice to the debtor. Calhoun v. Huffman, 217 So.2d 733 (La.App.3d Cir. 1969); Sternberg v. Mason, 339 So.2d 373 (La.App. 1st Cir. 1976). However, the creditor's mere acquiescence or forebearance by not using all of his rights, when accompanied by protest or complaints to the debtor, does not rise to the level of estoppel which will later bar the creditor from using those rights to enforce the obligation. Burris v. Gay, 324 So.2d 11 (La.App.2d Cir. 1975), writs denied 326 So.2d 377.
[2] LSA-C.C.P. art. 1005The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.
[3] LSA-C.C.P. art. 1151A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.

A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.
[4] LSA-C.C.P. art. 1154When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon such motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.