J^LANDRIEU, Judge.
Dorothy Mesa appeals from the district court’s summary judgment granted in favor of Delores Wares and her husband, Alphonse Spurlock. The trial court ruled that the plaintiff, Dorothy Mesa, is es-topped from enforcement of her claim for additional interest payments from the defendants, as the mortgage debt has been paid in full. We reverse the district court’s granting of the motion for summary judgment and remand for a trial on the merits.
FACTS
On May 10, 1973, Dorothy Mesa and her husband Raymond Mesa, by act of credit sale, sold the real property located at 1333 Saratoga Street to Deloris Rowe (a.k.a. Delores Wares) and her husband, Alphonse Spurlock. The sale price was $78,-000. The Spurlocks paid $12,000 in cash and signed a promissory note for the $66,000 balance. The note was payable to “Order of Bearer” in equal consecutive monthly installments of $620.93 for a total of 234 months. The note was paraphed “Ne Varietur” for identification with an authentic act of credit sale executed on May 14, 1973. In the act of credit sale, the Spurlocks granted a mortgage on the property in favor of any holder of the note to secure its payment.
The Spurlocks paid each one of the 234 installments on the note; however, these payments were not always timely. The Spurlocks failed to pay the installments on the note in accordance with its terms and repeatedly failed to pay installments when due. Each payment was accepted regardless of its untimeliness. The only written demand from Mrs. Mesa to the Spurlocks was one letter in August of 1995. This letter advised them to “Please pay at least one payment per month, if not more, so that this debt can be retired.” Mrs. Mesa neither threatened |?nor took legal action to enforce the time limits of the payments. The final payment was paid on January 7, 1996, some twenty-six months later than the date set forth in the amortization schedule to make the 234th payment.
The Spurlocks then requested that Mrs. Mesa cancel the mortgage. Mrs. Mesa refused, and she filed suit against the Spurlocks. Mrs. Mesa claimed there was a principal balance of $19,218 on the note because of the multitude of late payments. The late payments were credited first to the interest by authority of Civil Code article 1866. Therefore, as Mrs. Mesa applied the delinquent payments to the interest first, and the interest had increased due to the delinquent payments, the Spur-locks still owed a principal balance. The Spurlocks answered the suit and filed a reconventional demand.
Mrs. Mesa moved for summary judgment against the Spurlocks in the principal amount of $19, 218 plus interest at the rate of 9)6 % per annum from January 10, 1996 until paid, and attorney’s fees in the amount of 15% of the principal and interest and for all costs of the proceedings, all in accordance with the terms of the note. Also, Mrs. Mesa sought to have the mortgage granted by the Spurlocks recognized and the property described therein seized and sold to satisfy the amount of any judgment rendered. The Spurlocks filed a cross motion for summary judgment contending that the note had been satisfied and that Mrs. Mesa was compelled to release the mortgage. The trial court granted the Spurlocks’ motion and denied Mrs. Mesa’s motion. Mrs. Mesa has appealed the granting of summary judgment in favor of the Spurlocks.
| «LAW AND DISCUSSION
On appeal, we address only the summary judgment rendered in favor of the Spurlocks. We do not consider the denial of Mrs. Mesa’s motion for summary judgment, as that ruling is not a final judgment. See La. Code Civ. Pro. Art. 968.
Appellate courts review summary judgment decisions de novo. See Walker v. Kroop, 96-0618 pp. 1-2 (La.App. 4 Cir. 7/24/96), 678 So.2d 580, 582. The motion *654 for summary judgment is proper when the pleadings, depositions, answers, and omissions on file, together with the affidavits submitted, show there is no genuine issue of material fact, so that the mover is entitled to judgment as a matter of law. See Bijou v. Alton Ochsner Medical Foundation, 95-3074 p. 6 (La.9/5/96), 679 So.2d 893, 897. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of a legal dispute. See Godfrey v. Boston Old Colony Ins. Co., 97-2569, p. 4 (La.App. 4 Cir. 5/27/98), 718 So.2d 455, 457, writ denied, 98-2412 (La.11/20/98), 729 So.2d 556; Walker, supra, 678 So.2d at 583.
Paragraph C(2) of Code of Civil Procedure Article 966, added by Acts 1997, No. 483, sets forth the burden of proof in a motion for summary judgment:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
The mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. See City of Carencro v. Faulk, 97 p.4014 p.4 (La.App. 3 Cir. 6/10/98), 715 So.2d 569, 571. Once the party moving for summary judgment meets his burden, the adverse party must present evidence demonstrating that material factual issues remain by producing factual support sufficient to establish that the adverse party will satisfy his evidentiary burden at trial. See Harrison v. Parker, 31-844, p. 3 (La.App. 2 Cir. 5/5/99), 737 So.2d 160, 162-63, writ denied, 99-1597 (La.9/17/99), 747 So.2d 565.
In support of their motion for summary judgment, the Spurlocks rely on the doctrine of forbearance, which they raised as an affirmative defense in their answer to plaintiffs petition. Therefore, to uphold the granting of summary judgment, we must first find that the defendants have affirmatively proved the defense of forbearance or forgiveness; i.e., that they do not owe the additional interest specified in the mortgage instrument for late payments because the plaintiff has either forgiven their debt or is es-topped from collecting it on account of forbearance. Secondly, we must find that the plaintiff has failed to establish the existence of a disputed material fact with regard to this issue.
The doctrine of forbearance is succinctly defined in First National Bank v. Higgs, 406 So.2d 673, 675 n. 1 (La.App. 2d Cir. 1981), as follows:
Forbearance is a circumstance which can give rise to estoppel. Forbearance exists when a creditor acquiesces in or tolerates substandard performance of an obligation by the debtor without exercising his rights to enforce the obligation, thereby implying that such conduct is sufficient.
When forbearance reaches the level of equitable estoppel the creditor will be barred from suddenly demanding strict performance in order to avoid injustice to the debtor. Calhoun v. Huffman, 217 So.2d 733 (La.App. 3d Cir.1969); Sternberg v. Mason, 339 So.2d 373 (La.App. 1st Cir.1976). However, the creditor’s mere acquiescence or forbearance by not using all of his rights, when accompanied by protest or complaints to the debtor, does not rise to the level of estoppel which will later bar the creditor from using those rights to enforce the obligation. Burris v. Gay, 324 So.2d *655 11, 14 (La.App. 2d Cir.1975), writs denied 326 So.2d 377.
An obligee’s mere gratuitous forbearance from exercising its legal rights under the instrument of indebtedness does not create an agreement to extend the period of indebtedness. John M. Parker & Co. v. Guillot, 118 La. 223, 42 So. 782 (1907). Similarly, an extension of the debt cannot be inferred from a mere forbearance to sue where no extension of time is ever expressly granted by the holder. See Mutual Nat’l Bank v. Coco, 107 La. 268, 31 So. 628 (1902).
After reviewing the record in the instant case, we find that the Spurlocks failed to meet their burden of affirmatively showing forbearance or forgiveness of their debt by the plaintiff because there remain genuine issues of material fact. The Spurlocks contend Mrs. Mesa accepted their late payments without complaining or putting them on notice that further interest was due. However, the additional interest accrued by operation of law as the payments were applied to interest first. Plaintiffs mere acceptance of the untimely payments without reminding the debtors of this fact does not, in itself, prove forbearance such that she is estopped from collecting the additional interest.
The only affirmative evidence of forbearance or forgiveness in the record is Defendant’s Exhibit C, an amortization schedule on which the plaintiff has initialed each payment made and acknowledged the remaining balance. However, several questions prevent this schedule from being sufficient proof of forbearance or forgiveness at this stage of the proceedings. The document in the record is only a partial schedule, beginning with payment number 121 made in 1985, some twelve years after the inception of the loan. More important, it is unclear how this schedule got into the record. Although it is a defendants’ exhibit, we are unable to | (¡determine whether this schedule was sent by plaintiff to defendants as payments were made during the course of the loan, or whether it was merely something the plaintiff kept for her own records that was placed in the record in response to a discovery request. These questions are significant as to the existence of forbearance. Since discovery requests no longer have to be filed in the record, it is impossible to discern answers to these questions without further proceedings in the trial court.
Moreover, there is a genuine issue of fact raised as to whether the plaintiff com-plainéd sufficiently about the untimeliness of the Spurlocks’ payments so as to defeat their defense of forbearance. This issue is raised by the plaintiffs August 1995 letter informing the Spurlocks of the balance of $25,796.78 due on the loan at that time “because of the lack of payments,” and exhorting them to please make at least one payment per month so that the debt might be retired. In addition, the plaintiff asserts, in her response to a request for production filed by defendants, that she believes she repeatedly advised Mr. Spur-lock orally of her dissatisfaction with his failure to pay the note timely. The document and the assertion of oral complaints are clearly enough to raise an issue for trial.
Because the defendants failed in meeting their burden of showing the absence of a genuine issue of material fact, we find the trial court erred in granting summary judgment in their favor. Accordingly, for the reasons stated, the judgment of the district court is reversed and the matter is remanded to the trial court.
REVERSED AND REMANDED.
BYRNES and BAGNERIS, JJ., dissent with reasons.